975 So.2d 750 (2008)
Harry L. WOODALL, Plaintiff-Appellee
v.
Loy F. WEAVER and The 146, L.L.C., Defendant-Appellant.
No. 43,050-CA.
Court of Appeal of Louisiana, Second Circuit.
February 13, 2008.
*751 Jones, Odom, Davis, and Politz, L.L.P., by James Ward Davis, Shreveport, for Appellant.
Chris Lane Bowman, Jonesboro, for Appellee.
Before GASKINS, DREW and MOORE, JJ.
DREW, J.
In April of 2004, a promissory note in the amount of $150,000 was executed in favor of Harry Woodall by The 146 L.L.C. ("LLC"). The note provided for 109 consecutive monthly payments beginning on May 1, 2004.[1] The failure to pay any installment within 30 days of its due date gave Woodall the right to accelerate the entire note and seek the remaining balance and a 25% attorney fee on the amount collected.
Loy Weaver signed the note as the LLC's manager, as well as individually and as guarantor. Woodall had been the owner of an 11% interest in the LLC. He sold this interest to the LLC for $165,000, $15,000 of which was paid in cash, and the balance to be paid in installments as reflected in the promissory note, which was paraphed Ne Varietur to the Act of Credit Sale of Membership Interest.
Woodall filed suit on the promissory note against Weaver and the LLC. Woodall alleged that defendants had made ten payments totaling $9,000 on the note, but had not made any further payments, leaving *752 a balance of $141,000 still owed on the note. Defendants raised several affirmative defenses in their answer.
Woodall filed a motion for summary judgment on July 28, 2006. The hearing was fixed for September 25, 2006. Submitted in support of the motion were requests for admissions of fact and responses to the requests; a copy of the promissory note; a July 21, 2005, demand letter from Woodall's attorney to Weaver; a standard loan analysis; a copy of a Membership Certificate showing the interest that Woodall once had in the LLC; and a copy of the act of credit sale of Woodall's ownership interest. In their responses to the requests for admissions, defendants admitted that a true and correct copy of the promissory note was attached to the petition, Weaver's signatures on the note were authentic, Weaver received the demand letter, and only $9,000 in payments were made on the note.
On September 20, 2006, defendants faxed their memorandum in opposition to the motion for summary judgment to Woodall's counsel.[2] They contended in their memorandum that under the terms of the LLC's operating agreement, Woodall's interest had no positive value on the date when it was transferred. Attached to the memorandum were Weaver's affidavit and the LLC's Operating Agreement.
Woodall objected to the untimely filed opposition to his motion for summary judgment. Agreeing with Woodall, the trial court did not consider what defendants had filed in opposition to the motion. The trial court granted the motion for summary judgment and rendered judgment in favor of Woodall in the amount of $141,000, plus a 25% attorney fee on the unpaid balance. Defendants have appealed.

DISCUSSION
The primary issue on this appeal is whether the trial court erred in refusing to consider the untimely memorandum and affidavit submitted in opposition to the motion for summary judgment. As recognized by defendants in their brief before this court, the failure to consider their memorandum and affidavit resulted in no opposition to Woodall's motion for summary judgment, making the entry of summary judgment a foregone conclusion.[3]
Opposing affidavits and any memorandum in support thereof shall be served pursuant to La. C.C.P. art. 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary. La. C.C.P. art. 966(B). This time limitation is mandatory, and affidavits not timely filed can be ruled inadmissible and properly excluded by the trial court. Buggage v. Volks Constructors, XXXX-XXXX (La.5/5/06), 928 So.2d 536.
Defendants attributed the delayed filing of their opposition to a calendaring mistake on the part of their trial counsel, who confused this case with another pending case where trial counsel was the movant and the hearing on the motion for summary judgment had been set for September *753 28. The preparation of an opposition to the motion for summary judgment would have been fairly straightforward in this case, as this is not an instance when the non-movant was dependent upon an affidavit from an expert witness. Weaver's affidavit described in detail the parties' motivations behind the promissory note and the act of credit sale, in particular, an alleged verbal agreement that the promissory note would be paid only from profits of the LLC. This affidavit was not executed until September 16, 2006, even though, as noted by the trial court, the defendants were served with the motion on August 1. We find no abuse of the trial court's discretion in refusing to consider the late-filed opposition to the motion for summary judgment. The motion for summary judgment was properly granted.
The defendants next object to the amount awarded by the trial court in attorney fees, which was in adherence with the 25% fee fixed in the promissory note. It is well settled that courts may inquire into the reasonableness of attorney fees as part of their inherent authority to regulate the practice of law. Smith v. State, Dept. of Transp. & Development, XXXX-XXXX (La.3/11/05), 899 So.2d 516. A court may make this inquiry even when a contract between the parties fixes the amount of attorney fees. See City of Baton Rouge v. Stauffer Chemical Co., 500 So.2d 397 (La. 1987).
Factors to be taken into consideration when determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances made; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. State, Dept. of Transp. and Development v. Williamson, 597 So.2d 439 (La.1992).
A trial court is vested with considerable discretion when setting attorney fees. Minsky v. Shumate, 40,375 (La. App.2d Cir.3/10/06), 924 So.2d 488. Nevertheless, the record before us is not sufficient to perform a proper inquiry into the reasonableness of what will amount to a fee of approximately $35,000. Accordingly, we will remand to the trial court for a determination of the reasonableness of the amount awarded as attorney fees.

CONCLUSION
This matter is REMANDED to the trial court for a determination of the reasonableness of the award of attorney fees in the amount of 25% of the unpaid balance of $141,000. In all other respects, the judgment is AFFIRMED at appellants' costs.
NOTES
[1] The first 50 installments were $900 each, with the next 58 installments being $1,800 each, and a final installment of $600. No interest was owed.
[2] Service copies were hand-delivered to plaintiff's counsel the next day.
[3] Because defendants presented no opposition to the motion for summary judgment, it was unnecessary for the trial court to consider the unsupported affirmative defenses raised by defendants in their answer. La. C.C.P. art. 967(B) provides that when a motion for summary judgment is supported, "an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial." Our emphasis.