MOORE, J.
11After refusing to consider the plaintiffs opposition memorandum and supporting materials served six days after the extended deadline date set by the court had passed, the trial court granted the defendant’s motion for summary judgment. The court noted that it would have granted the summary judgment even had it considered the opposition materials proffered. For the following reasons, we affirm.
Facts
The plaintiff, Juanita Mahoney, was involved in a one-car accident on March 10, 2008, in which her vehicle went off the rural road and hit an embankment causing her injuries. She sued the East Carroll Parish Police Jury (“Police Jury”) on March 10, 2009, alleging that the accident was caused by a pothole on Perry Road, located in East Carroll Parish. By amended petition she subsequently alleged that incomplete work of the “Zipper,” an asphalt road resurfacing machine demonstrated to the Police Jury on a 100-foot section of Perry Road 13 days prior to the accident, created the unreasonably dangerous conditions that caused the accident. Mahoney added Asphalt Zipper, Inc. as a defendant in the amended petition.
The Police Jury filed a motion for summary judgment on January 6, 2011, alleging that there were no material facts in dispute, the road was not defective, nor did it present an unreasonable risk of harm. Alternatively, it alleged that the plaintiff could not prove that the Policy Jury had actual or constructive notice of the defect prior to the accident, and, furthermore, the alleged defect was not the cause of the accident. The court set the matter for a hearing on August 1, 2011, seven months after the motion was filed.
| aThe statutory deadline for the plaintiff to submit an opposition to the motion was July 24, 2011, which was eight days prior to the August 1 scheduled hearing on the motion. La. C.C.P. art. 966(B) and Rule 9.9.[1] The plaintiff did not oppose the mo *148 tion for summary judgment prior to the August 1, 2001 hearing. However, on July 29, 2011, just three days prior to the scheduled hearing, the plaintiff moved for a continuance on grounds that it needed more time for discovery. Specifically, the plaintiff argued that it was unable to depose a key witness until two days prior to the July 24 deadline to file its opposition, and it had not received a transcript of the deposition to submit in opposition to the motion.
At the August 1, 2011 hearing, the court noted that the plaintiffs motion for a continuance was not filed until after the eight-day deadline for submitting an opposition had already passed. Mr. Bruseato, counsel for the | ^plaintiff, told the court that he was still conducting discovery important to his case, having deposed Mr. Pas, the representative of Asphalt Zipper, Inc., just two days prior to the deadline, and he had not received a transcript of the deposition. After questioning Mr. Bruseato regarding the relevancy of the deposition to the plaintiffs opposition, it reluctantly granted the motion for continuance, but expressed its desire to reschedule the hearing 30 days hence. Mr. Bruseato agreed that he would be able file his opposition timely. After a short recess to determine what calendar date in September would be available (for all parties concerned) to hold the hearing, the court reset the hearing on the motion for summary judgment for September 20, 2011. However, the court told plaintiffs counsel to file its opposition on or before September 6, 2011, stating:
And the minutes should reflect that plaintiff will make any filings that it wishes for the Court to consider at the September 20 hearing on or before September 6, 2011. All right, does there need to be anything in it about any responses by Police Jury? (Emphasis supplied.)
At this point, the Police Jury agreed to abide by the four-day response time provided by the Code of Civil Procedure. The court then responded:
Okay. All right, well, we’re just not mak[ing] any further orders, just go by whatever the Code requires. If it’s four days that’s fine. But Mr. Bruseato'⅛, anything filed is by the 6th. The hearing is on the 20th at 1 o’clock p.m. (Emphasis supplied.)
Mr. Bruseato responded:
Right. Thank you Your Honor.
The plaintiff filed no opposition on or before September 6, but filed its opposing materials on September 12, 2011. This was six days past the | September 6 deadline set by the court and agreed to by the parties, although there were still eight days prior to the scheduled hearing, which is the minimum time period to serve an opposition under C.C.P. art. 966(B) and District Court Rule 9.9.
On September 16, 2011, the police jury filed a responsive motion that included a motion to strike the late-filed opposition and exhibits.
The court held a hearing as scheduled on September 20, 2011, first considering *149 the defendant’s motion to strike all or parts of the opposition. The court heard lengthy arguments, including the merits, from both parties. Mr. Sues, representing the Police Jury, argued that, in addition to the untimely opposition, several exhibits were not in proper (affidavit) form and constituted hearsay. Mr. Sues argued that parts of Mrs. Mahoney’s affidavit contradicted her deposition testimony and should be excluded, and many of the conclusions reached in the affidavit of the plaintiffs expert, Ron Hasty, were irrelevant because they were based on an erroneous assumption of a wet road. The affidavits of Linda Hicks and Marvin Hicks regarding the condition of the road at the time of the accident were also irrelevant because they were not based on personal knowledge-they did not witness the accident.
Mr. Bruscato argued that he had complied with La. C.C.P. art. 966(B) and Rule 9.9 by submitting his opposition memorandum and supporting exhibits eight days prior to the scheduled hearing. He showed the court his calendar, which contained no entry of anything due on September 6, 2011. He defended the exhibits objected to, such as the brochure from Asphalt |fiZipper, Inc., noting that it was a response to discovery by Asphalt and was part of the record. Regarding the dispute over whether the road was wet, even though Mrs. Mahoney said it was a clear, sunny day when the accident occurred, Mr. Bruscato argued that the pothole contained water from a previous rain and, because the road had not been sealed with any kind of coating, the subsurface of the road was still wet and rendered the road slippery. The same argument was made regarding the slippery condition of the road and the relevancy of the affidavit from plaintiffs expert regarding the road surface.
Counsel for the Police Jury noted that the plaintiff lived on Perry Road and had traveled over the road dozens of times after the work of the Zipper was done, even the day of the accident. The Police Jury contended that it had no notice of any vice or defect in the road; it had not received any complaints about the road, and there was no evidence of the length of time the pothole in the road was present such that the Police Jury would be deemed to have constructive notice. It also argued that plaintiffs own expert stated that applying sealant to the road was optional, and he did not state that the road was defective without a sealant, nor did he find that the condition of the road caused the accident.
Mr. Bruscato argued that the Police Jury had notice of the defective condition of the road when the demonstration was completed without performing the added step of sealing the surface of the road.
After a short recess, the court reviewed the transcript of the August 1, 2011 hearing and noted that it had granted the plaintiff a 45-day extension |fi(from the original July 24 deadline) to file its opposition by September 6, 2011. The court recited a provision in C.C.P. art. 966(B), which states that “[f|or good cause, the Court shall give the adverse party additional time to file a response, including opposing affidavits or depositions.” The court granted the motion to strike the opposition and exhibits, and, after determining that there were no material facts in dispute, granted the Police Jury’s motion for summary judgment.
The court went on to say that it would have granted the Policy Jury’s motion even if it included for consideration the items tendered by the plaintiffs in opposition to the motion. It stated that “nothing in the record proves that the road was defective at the time of the accident ... or *150 raises a germine issue of that allegation”. It also found no proof of actual or constructive notice of the defects.
The court signed a judgment dismissing the action with prejudice. This appeal followed.
Discussion
By her first assignment of error, the plaintiff contends the trial court erred in granting the Policy Jury’s motion to strike and in treating the motion as unopposed. First, she argues, the summary judgment opposition was timely filed and served under La. C.C.P. art. 966 and Rule 9.9. Secondly, the defense did not show that it was prejudiced by the late filing. Thirdly, the trial court abused its discretion by making the decision to strike the opposition instead of imposing a lesser penalty for plaintiffs counsel’s inadvertent error.
17Counsel’s position is that the district court exceeded its authority by setting the deadline to file its opposition to the motion for summary judgment on September 6, 2011, which was 14 days prior to the scheduled hearing on September 20, 2011. The mandatory provisions of C.C.P. art. 966 and District Court Rule 9.9 require a party who is opposing a motion for summary judgment to file its opposing memorandum and supporting affidavits “at least eight calendar days before the hearing, unless the court sets a shorter time.” Rule 9.9(b).
Plaintiff states that its failure to file the opposition by September 6, 2011 was simply an inadvertent error by counsel and the penalty of excluding the opposition is unduly harsh. It argues that Mrs. Maho-ney should not lose her cause of action as a result of an inadvertent oversight. Furthermore, the defendant did not show how it was harmed by the opposition being filed eight days prior to the hearing, which complies with the statutory requirements.
Finally, the plaintiff contends that the court exceeded its authority by granting the motion to strike. The statute provides only two penalties for a late filing: forfeiture of oral argument or imposition of costs, or both. (See District Court Rule 9.9(d), supra at footnote 1).
The Police Jury responds that the district court had discretion to refuse to consider the late opposition to its motion, citing Woodall v. Weaver, 43,050 (La.App. 2 Cir. 2/13/08), 975 So.2d 750. In Woodall, the trial court refused to consider the defendant’s opposition to the plaintiffs motion for summary judgment, where the defendant filed its opposition less [8than eight days prior to the scheduled hearing on the motion. On appeal, a panel from this court affirmed the summary judgment, finding no abuse of the trial court’s discretion in refusing to consider the late-filed opposition to the motion for summary judgment, citing the supreme court decision in Buggage v. Volks Constructors, 06-0175 (La.5/5/06), 928 So.2d 536.
Buggage, supra, and numerous other cases indicate that appellate courts review for abuse of discretion a trial court’s exclusion of an opposition to a motion for summary judgment. Woodall, supra; Von Drake v. Rogers, 43,546 (La.App. 2 Cir. 10/8/08), 996 So.2d 608; Hubbard v. North Monroe Medical Center, 42,744 (La.App. 2 Cir. 12/12/07), 973 So.2d 847.
La. C.C.P. art. 966(B) provides, in pertinent part:
B. The motion for summary judgment, memorandum in support thereof, and supporting affidavits shall be served within the time limits provided in District Court Rule 9.9. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve *151 opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 within the time limits provided in District Court Rule 9.9.
District Court Rule 9.9 provides, in pertinent part:
A party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing. The opposition memorandum shall be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.
(Emphasis supplied.)
| ^Additionally, Rule 1.4 of the District Court Rules provides:
An individual judge may, in the interest of justice and upon notice to all parties, permit deviations from these Rules in a particular proceeding. Any such deviation shall be noted on the record in open court and in the presence of all parties or by written order filed into the record of the proceedings and mailed to all parties or their counsel of record.
The purpose of requiring the opposition memorandum to be served on the mover “at least” eight days before the hearing is to allow both the court and mover sufficient time to narrow the issues in dispute and prepare for argument at the hearing. The provisions use the mandatory language “shall,” and, absent the court setting a shorter time period (less than eight days), the opposition must be filed a minimum of eight days prior to the hearing. Buggage, supra; Woodall, supra.
The statutory language “at least eight days” indicates that a party opposing the motion for summary judgment may elect to submit its opposition more than eight days prior to the scheduled hearing. If a party may elect to submit its opposition more than eight days prior to the hearing, it follows, then, that he or she may agree to submit its opposition more than eight days prior to the scheduled hearing. Moreover, our reading of Rule 1.4 authorizes a district court judge to allow parties to deviate from the rules “in the interest of justice and upon notice to all parties.”
In this instance, the district court, after noting its concern that the plaintiff had moved to continue the scheduled hearing because it had not timely filed its opposition to the motion, agreed to reschedule the hearing, thereby allowing the plaintiff additional time to file its opposition. Since the matter had already been pending for more than six months, in fairness to 110the defendant, the court also wanted to set a specific deadline agreeable to the parties in which an opposition memorandum and supporting materials must be filed and served. The court indicated initially that it intended to reset the hearing in 30 days in order to give the plaintiff additional time to file an opposition to the motion for summary judgment. This time period was agreeable to plaintiffs counsel, and he stated that he would timely file his opposition.
The court offered Friday, September 2, 2011, as a hearing date, but defense counsel could not be there on that date due to a speaking engagement. Because Judge Crigler sits in three parishes and would be conducting court in Madison Parish for the two weeks subsequent to that date beginning the week of September 6, the next date in East Carroll Parish that would be available was September 20, 2011, on which day he had a trial scheduled, but would interrupt the trial proceedings at 1:00 p.m. that day to hear arguments on *152 the motion. Both parties agreed. Judge Crigler then set September 6, 2011, as the deadline for the plaintiff to file an opposition. This date was apparently his last day in East Carroll Parish before serving in Madison Parish. Both parties agreed to that date and, as noted previously, the court reiterated the September 6, 2011, deadline in open court to plaintiff’s counsel.
The procedural deadlines set by the court were accepted and agreed to in open court by all the parties involved, which gave Mr. Bruscato an additional 45 days to file an opposition to the motion for summary judgment. The specific date set by the court complied with the formal ^requirements of Rule 1.4 for deviating from the time period set by Rule 9.9, and provided a reasonable period of time for the plaintiff to file its response to the motion. Adequate notice was given to all parties involved. The plaintiff made no objection that the specific date to file its opposition resulted in more than the eight days provided for by Rule 9.9. All the parties agreed to that date.
We conclude, therefore, that the September 6, 2011, deadline to file an opposition was mandatory. Mr. Bruscato cannot now fall back on the statutory provisions to assert that his opposition was timely served. Plaintiffs argument that the court exceeded its authority in setting the September 6, 2011, date to file an opposition is without merit.
The plaintiff also argues that the defendant has not shown that it was prejudiced by the late-filed opposition. Since Buggage v. Volks Constructors, supra, supreme court and appellate court decisions indicate that it is not an abuse of discretion to disallow the late-filed materials because of the mandatory language of La. C.C.P. art. 966(B) and Rule 9.9. For example, in Guillory v. Chapman, 10-1370 (La.9/24/10), 44 So.3d 272, the supreme court held that the trial court, which refused to consider a late-filed affidavit, did not abuse its discretion in “choos[ing] to follow the mandatory language of La. C.C.P. art. 966(B)(2), which requires a party opposing the motion for summary judgment to serve opposing affidavits and any memorandum in support thereof ‘at least eight days prior to the date of the hearing.’ ” See also, Woodall, supra. In Bug-gage, supra, rather than holding that untimely affidavits must be excluded by the trial court, the 112supreme court specifically stated that such affidavits “can” be excluded by the trial court, and noted that the trial court “acted within its discretion” in excluding the opposition. Buggage, 928 So.2d at 536. Other courts of this state have also indicated that district courts have discretion to consider late-filed opposition materials, absent prejudice to the mover, in application of this otherwise mandatory time period. See Phillips v. Lafayette Parish Sch. Bd., 10-373 (La.App. 3 Cir. 12/8/10), 54 So.3d 739; James Constr. Group, L.L.C. v. State ex rel. Dep’t of Transp. and Dev., 07-225 (La.App. 1 Cir. 11/2/07), 977 So.2d 989; Savoie v. Savoie, 03-893 (La.App. 5 Cir. 12/30/03), 864 So.2d 742. Hence, because the statutory language requiring a party to file its opposition at least eight days prior to the scheduled hearing, unless the court sets a shorter period, is mandatory, a district court has the discretion to allow the filing, unless the mover is prejudiced, but it is not required to make a finding of prejudice to disallow late-filed opposition documents.
The same reasoning applies to the instant case. The September 6, 2011, deadline for the plaintiff to file its opposition was a mandatory time limitation set by the trial court in agreement with the parties in open court. The district court therefore properly exercised its discretion in refus *153 ing to consider the late-filed opposition materials. Woodall, supra. To this, we add the fact that the summary judgment motion had been pending for seven months in a case already 28 months old. Ample time for discovery had passed, and the initial deadline to file an opposition to the motion had passed when the plaintiff moved to reset the hearing date and gain more 113time to file an opposition.
Finally, the plaintiff contends that the district court’s exclusion of the opposition materials was excessive and constituted an abuse of discretion. Because we have already concluded, based upon the discussion of the statutes and cases above, that the trial court had the discretion to disallow the late-filed opposition materials, there was no abuse of discretion. Bug-gage, supra; Woodall, supra.
The plaintiff contends, however, that the court exceeded its authority under Rule 9.9(d), which states that a party who fails to comply with Rule 9.9(a) or (b) “may forfeit the privilege of oral argument” or “the court may order the late-filing party to pay the opposing side’s costs” caused by the untimeliness.
We note that the language in these provisions is not mandatory. Although the court “may” apply the penalties suggested, it has already been determined in the cases cited above that a district court can disallow late-filed opposition materials because of the mandatory language in Rule 9.9(b). See, e.g., Buggage, supra; Woodall, supra.
For these reasons, we conclude that the trial court did not abuse its discretion in disallowing the plaintiffs opposition memorandum and supporting materials served after the deadline date set by the court and agreed to by the parties. Accordingly, this assignment is without merit.
By her second assignment of error, the plaintiff contends that the trial court erred in granting the defendant’s motion for summary judgment.
|14We review the grant of a motion for summary judgment de novo. Sehroeder v. Board of Sup’s of Louisiana State University, 591 So.2d 842 (La.1991); Beckham v. Jungle Gym, L.L.C., 45,325 (La.App. 2 Cir. 5/19/10), 37 So.3d 564; Moore v. Oak Meadows Apartments, 43,620 (La.App. 2 Cir. 10/22/08), 997 So.2d 594. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(B). A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. King v. Illinois Nat. Ins. Co., OS-1491 (La.4/3/09), 9 So.3d 780.
If the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
*154 | ^Plaintiff s claim is governed by Art. 2317.1 of the Louisiana Civil Code. This article provides that:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
Article 2317.1 actions require proof that the thing was in the defendant’s custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage and that the defendant knew or should have known of the defect. Beckham, supra; Pamplin v. Bossier Parish Community College, 38,533 (La.App. 2 Cir. 7/14/04), 878 So.2d 889, writ denied, 04-2310 (La.1/14/05), 889 So.2d 266.
There is no fixed rule for determining whether the thing presents an unreasonable risk of harm. The trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair. Simply put, the trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify its potential harm to others. Reed v. Wal-Mart Stores, Inc., 97-1174 (La.3/4/98), 708 So.2d 362.
The courts have recognized that it is common for the surfaces of streets, sidewalks and parking lots to be irregular and that it is not the duty of the party having garde of these locations to eliminate all variations in 11fielevations existing along the countless cracks, seams, joints and curbs. These surfaces are not required to be smooth and lacking in deviations because such a requirement would be impossible to meet. Reed, supra; Beck-ham, supra. This fact alone, however, is insufficient to eliminate the defendant’s liability under the unreasonable risk analysis. Reed, supra Beckham, supra. Not every imperfection or irregularity will give rise to liability, but only a condition that could reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Netecke v. State, through Dept. Of Transp. and Dev., 98-1182 (La.10/19/99), 747 So.2d 489.
Defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should have been obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff.
In determining whether a condition is unreasonably dangerous, courts have adopted a four-part test. This test requires consideration of: 1) the utility of the complained-of condition; 2) the likelihood and magnitude of the harm, which includes the obviousness and apparentness of the condition; 3) the cost of preventing the harm; and 4) the nature of the plaintiffs activities in terms of its social utility, or whether it is dangerous by nature. Dauzat v. Curnest Guillot Logging, Inc., 08-0528 (La.12/2/08), 995 So.2d 1184. A landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to |17the landowner. Id.
*155 In this case, with its motion for summary judgment, the Police Jury submitted a statement of material facts not in dispute. These included the following facts:
Mrs. Mahoney had lived on Perry Road since 2007 and drove on the road on a daily basis. The accident occurred less than a mile from her home. She drove over that portion of the road over 100 times and never had an accident, including two times on the day of the accident. On the third time, the accident occurred.
The Police Jury’s expert, Mr. Richard Robertson, reviewed and analyzed the depositions and photographs taken on the day of the accident. He inspected the road and accident site. He concluded that the accident was caused solely by Mrs. Mahoney’s careless operation of her vehicle. His affidavit was attached with the defendant’s motion.
The defendant also asserted in its list of material facts that Perry Road was not defective and did not present an unreasonable risk of harm on the date of the alleged accident.
Finally, defendant asserts as a material fact that plaintiff cannot show that the Police Jury had actual or constructive knowledge of any defect, and there was no condition of the road that caused the accident.
The Police Jury also attached excerpts from Mrs. Mahoney’s deposition and the affidavits of Mr. Robertson and Norris Chase, the East Carroll Parish Police Jury Road Superintendent at the time of the accident.
11sLa. C.C.P. art. 967(B) provides that when a motion for summary judgment is supported, “an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial.” If the adverse party does not respond, summary judgment, if appropriate, shall be rendered. Because the court did not consider the late-filed opposing affidavits and other materials which may have created a disputed issue of material fact, the result was that there was no opposition to the Police Jury’s motion for summary judgment.
We conclude that summary judgment is appropriate. It is an undisputed fact that Perry Road was not defective and did not present an unreasonable risk of harm, nor is it disputed that the Police Jury had knowledge of any alleged defect in the road, or that the condition of the road caused the accident. Accordingly, this assignment is without merit.
Because we have determined that the district court did not abuse its discretion by refusing to consider the plaintiff’s opposition materials and summary judgment was appropriate in this case, it is not necessary to consider the plaintiffs third assignment of error regarding striking individual exhibits.
CONCLUSION
For the foregoing reasons, the judgment of the district court is affirmed. Costs of appeai are assessed to the plaintiff.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, CARAWAY, DREW and MOORE, JJ.
Rehearing denied.

. La. C.C.P. art. 966(B) provides:
B. The motion for summary judgment, memorandum in support thereof, and supporting affidavits shall be served within the time limits provided in District Court Rule 9.9. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Art. 1313 within the time limits provided in District Court Rule 9.9. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
Louisiana District Court Rule 9.9 states, in pertinent part, that
[[Image here]]
*148 (b) A party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing. The opposition memorandum shall be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.
[[Image here]]
(d) Parties who fail to comply with paragraphs (a) and (b) of this Rule may forfeit the privilege of oral argument. If a party fails to timely serve a memorandum, thus necessitating a continuance to give the opposing side a fair chance to respond, the court may order the late-filing party to pay the opposing side’s costs incurred on account of the untimeliness.