STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-560

LEONARD BLACKWELL

VERSUS

WASTE MANAGEMENT OF LOUISIANA, LLC

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20131610
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

Marcus A. Bryant, LLC.
1405 W. Pinhook Road, Suite 110
Lafayette, LA 70508
(337) 504-4106
COUNSEL FOR PLAINTIFF/APPELLANT:
    Leonard Blackwell

Mark R. Pharr, III
Galloway, Johnson, Tompkins, Burr & Smith, PLC
328 Settlers Trace Boulevard
Lafayette, LA 70508
(337) 735-1760
COUNSEL FOR DEFENDANT/APPELLEE:
    Waste Management of Louisiana, LLC

**Lindsay L. Meador**
**Galloway, Johnson, Tompkins, Burr & Smith, PLC**
**328 Settlers Trace Boulevard**
**Lafayette, LA 70508**
**(337) 735-1760**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Waste Management of Louisiana, LLC**

**PETERS, J.**

Leonard Blackwell brought suit against Waste Management of Louisiana, LLC to recover damages to the parking lot of his Lafayette, Louisiana apartment complex. He appeals the trial court grant of a summary judgment dismissing his suit. For the following reasons, we affirm the trial court's judgment in all respects.

## DISCUSSION OF THE RECORD

Mr. Blackwell is the owner of an apartment complex known as the Blaine Street Apartments and located at 120 Blaine Street in Lafayette, Louisiana. In 1998 he entered into a Commercial Service Agreement ("the Agreement") with Waste Management of Louisiana, LLC ("Waste Management") wherein Waste Management agreed to provide and service a large commercial waste dumpster container located at the apartment complex. The Agreement had an initial term of three years, and Mr. Blackwell and Waste Management have renewed the Agreement under the same terms and conditions every three years following the initial term. It is not disputed that the Agreement was still in force and effect at the time this litigation arose.

On March 27, 2013, Mr. Blackwell filed suit seeking to recover damages from Waste Management based on assertions that its employees had destroyed portions of the apartment complex parking areas by driving the heavy dumpster trucks used in the collection process on the areas. In his petition, Mr. Blackwell asserted that this activity constituted both negligence and a breach of the Agreement by using an area of the apartment complex not designed to accommodate heavy equipment. The damage, according to Mr. Blackwell's petition, was of such an extent that the parking area could no longer be used by those residing in the apartment complex.

Waste Management answered the petition denying liability for the damage. On November 5, 2013, Waste Management filed a motion for summary judgment wherein it asserted that there were no genuine issues of material fact in the litigation and that the terms of the Agreement precluded recovery of Mr. Blackwell's claims for damages. The trial court set the motion for hearing on December 2, 2013. On November 25, 2013, Mr. Blackwell filed his own motion seeking summary judgment relief, asserting that the record supported his claim that he was entitled to recover damages. Mr. Blackwell's motion is entitled "PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT." The filing was not of two different documents, but a single filing incorporating the memorandum in the summary judgment motion itself.

At the December 2, 2013 hearing, counsel for Waste Management orally requested that the trial court not allow Mr. Blackwell's counsel to argue the motions based on his failure to submit his client's opposition to its summary judgment at least eight calendar days before the hearing, in violation of the provisions of La.Dist.Ct.R. 9.9. Counsel for Waste Management also requested that the trial court not consider a repair estimate and certain photographs attached to Mr. Blackwell's opposition to its summary judgment motion because the documents were not authenticated by affidavits as required by La.Code Civ.P. art. 966(B)(1).

The trial court refused to consider the repair estimate and photographs, denied Mr. Blackwell's counsel the opportunity to argue, granted Waste Management's motion for summary judgment, and dismissed Mr. Blackwell's suit. On January 6, 2014, the trial court executed a judgment corresponding to its ruling.

Thereafter, Mr. Blackwell perfected this appeal, asserting that the trial court erred in granting the summary judgment, in denying oral argument to his counsel, and in striking the exhibits attached to his motion and memorandum.

**OPINION**

It is well-settled that "[a]ppellate review of the granting of a motion for summary judgment is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.,* 11-2566, p. 7 (La. 7/2/12), 94 So.3d 750, 755.

Louisiana Code of Civil Procedure Article 966, which governs summary judgment proceedings, was significantly amended in both the 2012 and 2013 legislative sessions. While the procedure is still favored, and while the goal set forth in La.Code Civ.P. art. 966(A)(2) remains the "just, speedy, and inexpensive determination of every action except those disallowed by Article 969," the requirements of proof have significantly changed.

Prior to August 1, 2012, the trial court could consider "the pleadings, depositions, answers to interrogatories, and admissions *on file*," together with any affidavits that might be offered by the parties to determine whether there existed a genuine issue of material fact and whether the mover was "entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B) (emphasis added). However, by 2012 La. Acts No. 257, § 1, the Louisiana Legislature significantly changed La.Code Civ.P. art. 966, and one of those changes included amending and restructuring La.Code Civ.P. art. 966(B). The language cited above was moved to a new subparagraph designated as La.Code Civ.P. art. 966(B)(2), but without the words "on file." To emphasize the significance of the deletion of these two words, the legislature added a new subparagraph designated as La.Code Civ.P. art. 966(E)(2), which provided that "[o]nly evidence admitted for purposes of the

3

motion for summary judgment shall be considered by the court in its ruling on the motion." The next year, by 2013 La. Acts No. 391, § 1, the Louisiana Legislature again significantly changed La.Code Civ.P. art. 966 by, among other changes, changing the designation of La.Code Civ.P. art. 966(E)(2) to La.Code Civ.P. art. 966(F)(2) and amending it to read as follows:

> Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.

Additionally, La.Code Civ.P. art. 966(F)(3) was added by 2013 La. Acts No. 391, § 1, and provides that "[o]bjections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating the specific grounds thereof."

The summary judgment now before us was heard by the trial court on December 2, 2013. Therefore, the summary judgment law applicable to this appeal is that in effect after the effective date of the amendments to La.Code Civ.P. art. 966 by 2013 La. Acts No. 391, § 1. Still, neither the 2012 amendments nor the 2013 amendments changed the burden of proof applicable to a motion for summary judgment.

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material of fact.

La.Code Civ.P. art. 966(C)(2).

In support of its request for summary judgment relief, Waste Management attached the following exhibits to its motion and memorandum:

1. Copy of the Agreement.
2. Excerpts from the deposition of Mr. Blackwell taken August 12, 2013.
3. Copy of Mr. Blackwell's original petition.
4. Statement of undisputed facts.

In addition to another copy of the Agreement and additional excerpts from his deposition, Mr. Blackwell attached photographs of the area where the damage was sustained as well as a copy of a damage estimate to his motion and memorandum.

The filings by both parties establish that the parking lot at the apartment complex has sustained damage which occurred over a period of time and that the Agreement was in full force and effect during the time in question. Mr. Blackwell testified in his deposition that the area directly in front of the dumpster and the direct area surrounding the dumpster was the only area having concrete of sufficient strength to bear the weight of Waste Management's dumpster truck, and that Waste Management caused damage to the other concrete parking areas by using the parking lot to turn its service vehicles around in order to exit the complex. At the same time, he acknowledged that the Agreement does not address ingress and egress to the apartment complex, and that he and the Waste Management officials never discussed a particular pathway for access to the dumpster. According to Mr. Blackwell, he told Waste Management where the dumpster was to be located and for them to service the dumpster and place it back in that location. While he did not direct Waste Management on how to exit and enter the premises, he acknowledged that Blaine Street is a dead end street and that the servicing vehicle would have to turn around somewhere in order to exit the premises.

Despite the Agreement being in effect since 1998, and the continuing nature of the damage to the parking lot, Mr. Blackwell did not connect the cause of the damage to Waste Management's activities until September of 2012.

With regard to ownership and use of the equipment, and ingress and egress to the apartment complex, Paragraph 6 of the Agreement reads as follows:

> EQUIPMENT, ACCESS. All equipment furnished by Company shall remain the property of Company; however, Customer shall have care, custody and control of the equipment and shall bear responsibility and liability for all loss or damage to the equipment and for its contents while at Customer's location. Customer shall not overload, move or alter the equipment and shall use the equipment only for its intended purpose. At the termination of this Agreement, Customer shall return the equipment to Company in the condition in which it was provided, normal wear and tear excepted. *Customer shall provide unobstructed access to the equipment on the scheduled collection day.* Customer shall pay, if charged by Company, an additional fee for any service modifications caused by or resulting from Customer's failure to provide access. *Customer warrants that Customer's property is sufficient to bear the weight of Company's equipment and vehicles and that Company shall not be responsible for any damage to the Customer's property resulting from the provision of services.*

(Emphasis added.)

The trial court found that the underlying facts were not in dispute, and that the dispositive issue was whether the Agreement provided Waste Management a defense from Mr. Blackwell's claims for damages. In its written reasons for judgment, the trial court found that the last sentence of Paragraph 6 was "clear and explicit," and that it was unnecessary to look further to determine the intent of the parties. That being the case, the trial court found that Waste Management was not liable to Mr. Blackwell for the damages to the parking lot.

At the request of counsel for Waste Management, the trial court refused to allow Mr. Blackwell's counsel to orally argue at the December 2, 2013 hearing based on its finding that his counsel failed to comply with the notice requirements of La.Dist.Ct.R. 9.9(b), which provides that:

6

A party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing. The opposition memorandum shall be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.

The penalty for failure to timely serve the opposition is found in La.Dist.Ct.R. 9.9(e), which provides that:

Parties who fail to comply with paragraphs (b) and (c) of this Rule *may* forfeit the privilege of oral argument. If a party fails to timely serve a memorandum, thus necessitating a continuance to give the opposing side a fair chance to respond, the court may order the late-filing party to pay the opposing side's costs incurred on account of the untimeliness.

(Emphasis added.)

The trial court explained its ruling that Mr. Blackwell's counsel had forfeited the privilege of oral argument in its reasons for judgment:

The record reflects that the plaintiff's opposition was filed on November 25, 2013 (7 days prior to the hearing), and defense counsel stated that she did not receive plaintiff's opposition until November 27, 2013, which was the day before Thanksgiving. The Court noted tht the defendant's Motion for Summary Judgment and Memorandum in Support were filed on November 5, 2012, and as such, plaintiff's counsel had ample opportunity to timely file his opposition. Defendant's counsel stated that although she worked through the Thanksgiving holiday weekend, she was prejudiced by the fact that even had she reviewed the opposition on November 25, 2013, the courthouse closure due to the Thanksgiving holiday would have precluded her from filing a timely reply allowing defendant to have received it one full working day before the hearing, pursuant to Uniform District Court Rule 9.9(c). . . . Due to this, the Court found that the defendant would have been substantially prejudiced were plaintiff's counsel permitted to argue and granted the defendant's motion and denied plaintiff's counsel the opportunity to argue orally.

Waste Management's counsel also moved for the photographs and repair estimate exhibits attached to Mr. Blackwell's opposition memorandum to be struck from the record. The trial court granted the motion and explained its ruling in its reasons for judgment by stating that "[p]ursuant to La.C.C.P. art. 966(B)(1) this

Court found that the photographs were not authenticated by affidavits, so no foundation was laid to authenticate them as competent evidence."[1]

Beginning with the issue of the exhibits, we first note that Waste Management did not object in its memorandum or in a written motion to strike as is now required by La.Code Civ.P. art. 966(F)(3). However, we still find no error in the trial court's ruling with respect to the exhibits as neither the photographs nor the damage estimate can be considered as pleadings, depositions, answers to interrogatories, admissions, or affidavits, which might be considered by the trial court under the authority of La.Code Civ.P. art. 966(B)(2). Therefore, the trial court did not err in refusing to consider them.

We also find no abuse of discretion in the trial court's refusal to allow Mr. Blackwell's counsel to argue his position at the December 2, 2013 hearing. After Waste Management filed its November 5, 2013 motion, Mr. Blackwell did not respond for twenty days, and when he did, his response was filed on the Wednesday before the beginning of the Thanksgiving holiday period, and less than the eight calendar day period required by La.Dist.Ct.R. 9.9(c). The purpose of requiring that an opposition memorandum be served on the mover at least eight days before the hearing on a motion for summary judgment is to allow both the court and the mover sufficient time to narrow the issues in dispute and prepare for argument at the hearing. *Mahoney v. East Carroll Parish Police Jury*, 47,494 (La. App. 2 Cir. 9/26/12), 105 So.3d 144, *writ denied,* 12-2684 (La. 2/8/13), 108 So.3d 88. Additionally, oral argument is a privilege, not a right, and a litigant may forfeit that privilege by failing to comply with filing guidelines. *O'Connor v. Nelson*, 10-250 (La. App. 5 Cir. 1/11/11), 60 So.3d 27).

---

[1] While we note that the trial court did not mention the repair estimate in its reasons for judgment, we construe the reasoning therein to include that exhibit as well.

Turning to an analysis of the trial court's ultimate judgment on Waste Management's summary judgment motion, we first note that generally, legal agreements have the effect of the law upon the parties, and, as they bind themselves, they shall be held to a full performance of the obligations flowing therefrom. *Belle Pass Terminal, Inc. v. Jolin, Inc.,* 92-1544, 92-1545, p.16 (La.App. 1 Cir. 3/11/94), 634 So.2d 466, 479, *writ denied*, 94-906 (La. 6/17/94), 638 So.2d 1094. Additionally, La.Civ.Code art. 2046 provides that "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." Furthermore, "[a] person who signs a written contract is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, that he did not understand it, or that the other party failed to explain its meaning." *Carter Logging, L.L.C. v. Flynn*, 44,188, p. 4 (La.App. 2 Cir. 4/9/09), 7 So.3d 195, 198.

Paragraph 6 of the Agreement clearly states that Mr. Blackwell "warrants that [his] property is sufficient to bear the weight of [Waste Management's] equipment and vehicles and that [Waste Management] shall not be responsible for any damage to [Mr. Blackwell's] property resulting from the provision of services." The Agreement does not designate an area where Waste Management's vehicles were prohibited to traverse, and instead, Paragraph 6 provides that Waste Management was to have "unobstructed access to the equipment on the scheduled day." We find that the words of the Agreement are clear, explicit, and lead to no absurd consequences. Thus, we find no error in the trial court's grant of Waste Management's summary judgment motion.

### DISPOSITION

For the foregoing reasons, we affirm the trial court judgment granting the motion for summary judgment in favor of Waste Management of Louisiana, LLC

9

and dismissing the claims of Leonard Blackwell.  We assess all costs of this appeal to Leonard Blackwell.

**AFFIRMED.**