Judgment rendered November 14, 2019.

No. 52,645-CA

ON REHEARING

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BEVERLY REED, LISA REED,                    Plaintiffs-Appellants
RICKY REED, KENT REED,
PATRICIA ANDING, KIRBY
REED, LARRY REED, ELIJAH
REED AS THE SURVIVING
CHILDREN OF LELA KINDLE

versus

RESTORATIVE HOME HEALTH                    Defendants-Appellees
CARE, LLC

* * * * *

On Rehearing
Originally Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 20151589

Honorable Alvin Rue Sharp, Judge

* * * * *

SIMIEN & SIMIEN, L.L.C.                     Counsel for Appellants
By: Eulis Simien, Jr.
    Jimmy Simien
    Mark W. Simien

DUPLASS, ZWAIN, BOURGEOIS,                  Counsel for Appellee,
PFISTER, WEINSTOCK, & BOGART                Restorative Home Health
By: C. Michael Pfister, Jr.                 Care, LLC
    Linda A. Hewlett
    Lane L. Macaluso

NELSON, ZENTNER, SARTOR         Counsel for Appellee,
SNELLINGS, L.L.C               Frank Sartor, M.D.
By: F. Williams Sartor, Jr.

NELSON, ZENTNER, SARTOR         Counsel for Appellees,
SNELLINGS, L.L.C               St. Francis Medical Center
By: David H. Nelson            and Charles Simmons, M.D.

MCLEOD VERLANDER             Counsel for Appellee,
By: David E. Verlander, III         Grant Dona, M.D.

* * * * *

Before WILLIAMS, PITMAN, STONE, McCALLUM, and THOMPSON, JJ.


WILLIAMS, C.J., dissents with written reasons.

STONE, J., dissents for the reasons assigned by C.J. Williams.

**THOMPSON, J.**

This is a medical malpractice action in which the trial court granted motions for summary judgment in favor of Defendants-Appellees, Dr. Frank Sartor, Dr. Grant Dona, and Restorative Home Health Care, L.L.C.. That ruling was appealed by Plaintiff-Appellants, Beverly Reed, Lisa Reed, Ricky Reed, Kent Reed, Patricia Anding, Kirby Reed, Larry Reed, and Elijah Reed, as the surviving children of Lela Kindle. This Court originally reversed that decision. *Reed v. Restorative Home Health Care, LLC*, 52,645 (La. App. 2 Cir. 06/05/19), __ So. 3d __, 2019 WL 2363333. Defendant-Appellees, Dr. Frank Sartor, Dr. Grant Dona, and Restorative Home Health Care, L.L.C., sought and this Court granted rehearing. For the reasons set forth below we now AFFIRM the judgment of the trial court dismissing the claims against Dr. Frank Sartor, Dr. Grant Dona, and Restorative Home Health Care, L.L.C.

### ISSUE PRESENTED

The issue presented is whether it is within the discretion of the trial court, when granting a continuance of a hearing on a motion for summary judgment, to limit or modify the statutory provisions of deadlines for filing oppositions thereto as provided in La. C.C.P. art. 966. Here, the trial court set an original hearing date for the motions for summary judgment in January 2018. Soon thereafter, an additional motion for summary judgment was filed by a different defendant and all motions for summary judgment were upset and set to a new date in March 2018. Thereafter, the hearing date was continued again to May 2018 with the expressed limited purpose to allow for oral arguments only. The trial court ordered the record closed for the purposes of discovery and filing oppositions, and a specific written

judgment was issued by the trial court to that effect. After the trial court order closing the record, but prior to the May 2018 oral argument date, Plaintiffs sought to "substitute" a document in the record as a part of its opposition to the pending motions. The trial court denied the request noting the record had been closed earlier when the new oral argument date had been fixed. At the May 2018 hearing, the trial court granted the motions for summary judgment in favor of defendants. This appeal followed and is before this panel on rehearing.

## ASSIGNMENTS OF ERROR

Plaintiffs-Appellants assert the following three assignments of error:

1) The trial court erred in failing to allow the substitution of the signed affidavit for the previously filed unsigned affidavit when the trial court granted the motion to continue the hearings on the motions for summary judgment and the motion to continue had been filed prior to the expiration of the opposition filing deadline and the substituted affidavit was filed at least fifteen days prior to the new hearings date.

2) The trial court erred in failing to consider the properly signed affidavit that was submitted at least fifteen (15) days prior to the rescheduled hearings on the motions for summary judgment when the hearings were rescheduled based on a motion to continue the hearings that was filed prior to the original opposition deadline and that motion was granted because counsel for the plaintiffs had a previously scheduled trial.

3) The trial court erred in failing to consider the original affidavit filed in opposition to the motions for summary judgment when the attestation of the notary established that the affiant had sworn to the facts stated in the affidavit because, despite this attestation, the trial court ruled that the affidavit had to have been signed.

## FACTS AND PROCEDURAL HISTORY

On June 1, 2015, Beverly Reed, Lisa Reed, Ricky Reed, Kent Reed, Patricia Anding, Kirby Reed, Larry Reed, and Elijah Reed (hereinafter "Plaintiffs"), filed a petition for damages in the Fourth Judicial District Court. Restorative Home Health Care, L.L.C. (hereinafter "Restorative"),

2

was named as the defendant. On August 24, 2017, Plaintiffs filed a first amended petition adding Dr. Frank Sartor ("Dr. Sartor"), Dr. Donna Donald ("Dr. Donald"), Dr. Nilgun Frengell ("Dr. Frengell"), Dr. Priscilla Navarro ("Dr. Navarro"), Dr. Grant Dona ("Dr. Dona"), Dr. Charles Simmons ("Dr. Simmons"), and St. Francis Medical Center ("St. Francis") as defendants. Plaintiffs alleged that, as a result of their negligence, the collective defendants caused the death of Lela Kindle.

On November 6, 2017, Dr. Dona filed a motion for summary judgment on the grounds that Plaintiffs had not identified "any expert medical witness who they might present in support of their claims or any part of them." Dr. Dona's motion for summary judgment was set for argument on January 5, 2018. On November 8, 2017, Drs. Sartor, Donald, Frengell, and Navarro (hereinafter collectively referred to as "Doctor Defendants") filed a motion for summary judgment on the same grounds, which was also set for argument on January 5, 2018, along with Dr. Dona's similar motion. Doctor Defendants likewise asserted that Plaintiffs did not have the evidence necessary to support their claim and they were therefore entitled to summary judgment.

On January 3, 2018, Restorative filed its own motion for summary judgment based on lack of any genuine issue of material fact, two days before the scheduled January 5, 2018 hearing date for the pending motions for summary judgment filed by Doctor Defendants and Dr. Dona. Restorative's motion for summary judgment was set for argument on March 27, 2018. Due to notice and service issues, the motions for summary judgment filed by Doctor Defendants and Dr. Dona were continued to that

3

same March 27, 2018 hearing date, therefore setting all pending motions for summary judgment for hearing on the same date.

On March 12th, 2018, Plaintiffs filed a motion to continue the March 27 hearing date for all motions for summary judgment of Doctor Defendants, Dr. Dona, and Restorative. Attached thereto was the *unsigned* affidavit of Plaintiffs' medical expert, Dr. Christopher Davey ("Dr. Davey"). Plaintiffs' counsel requested the continuance because of an asserted scheduling conflict with a trial in Baton Rouge. An informal telephone conference was held on Friday, March 16 with Judge Sharp and all counsel. All parties apparently agreed under the circumstances at that time that the hearing date on the motions for summary judgment could be refixed due to the conflict of Plaintiffs' counsel to May 22, but no order was issued by the trial court.

That Monday, March 19, Judge Sharp and all counsel held a formal telephone conference to place on the record an agreement consistent with what had been discussed during the informal telephone conference on March 16. During this conference, Plaintiffs' counsel advised the trial court that his scheduling conflict had resolved, but he still needed the continuance so he would have additional time to conduct discovery. Judge Sharp stated that he would take the matter under advisement.

The next day, on March 20, Judge Sharp denied Plaintiffs' motion to continue and ruled that "[a]ll dates currently set remain." Two days later, on March 22, Plaintiffs' counsel sent a letter to Judge Sharp advising his previous trial conflict had arisen yet again. Thereafter, on March 23, Plaintiffs filed a "Motion for Reconsideration/New Trial on Motion to

4

Continue Hearing Date on Motions for Summary Judgment." All defendants filed oppositions thereto.

On March 27, at the hearing on the motions for summary judgment, neither Plaintiffs nor their counsel were present. This was apparently due to Plaintiffs' counsel's revived trial conflict in Baton Rouge. At that hearing, and as outlined in the subsequent judgment entitled "Judgment on Plaintiffs' Motion to Continue, and Order that the Record be Closed Pursuant to La. Code of Civil Procedure Art. 966," the trial court held:

> "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that only the documents in support of the motions for summary judgment, in opposition to the motions for summary judgment, and any reply memoranda and objections timely filed and served in accordance with La. Code of Civil Procedure 966(B) prior to March 27, 2018 hearing date shall be considered by the court. In all further respects, the record for purposes of consideration of Defendants' Motions for Summary Judgment is closed."

This judgment was rendered March 27 and signed and filed in the record on April 4.

The next month, on May 7, Plaintiffs filed a motion and requested the court allow them to substitute a signed version (dated March 21, 2018) for the original *unsigned* affidavit of Dr. Davey in connection with their opposition to the motions for summary judgment. All defendants opposed the motion.

On May 22, the trial court denied Plaintiffs' motion to substitute the signed affidavit. On that same date the trial court dismissed the claims against Drs. Donald, Frengell, and Narvarro by granting the "Consent Judgment on Motion for Summary Judgment." The trial court also, by written judgment signed and filed June 14, dismissed the claims against Dr. Dona, Dr. Sartor, and Restorative. This appeal and rehearing followed.

5

**STANDARD OF REVIEW**

Appellate courts review the trial court's exclusion of an opposition or affidavit to a motion for summary judgment for abuse of discretion as long as there is no prejudice to the other party. *Buggage v. Volks Constructors*, 06-0175 (La. 05/05/06), 928 So. 2d 536.

**DISCUSSION**

Plaintiffs allege the acts of medical malpractice giving rise to this matter occurred in April-May 2014. A medical review panel was not requested until April 2015, and the medical review panel rendered its unanimous decision on May 9, 2017, in favor of defendants. Plaintiffs' allegations of malpractice were not of an obvious type which would not require the testimony of a medical expert. The medical review panel rendered a unanimous decision in favor of defendants. Plaintiffs would be aware at least by May 9, 2017, that testimony from a medical expert would be necessary in order to prove their claims.

Plaintiffs amended their petition August 24, 2017, after the decision of the medical review panel and after the defendants' discovery requests pointed out the lack of medical expert to prove Plaintiffs' claim. Defendants began filing motions for summary judgment in November 2017 addressing the issue of Plaintiffs' lack of a medical expert to support their claims. A *signed* affidavit from their medical expert was not filed prior to the scheduled March 27 hearing date. When the trial court confirmed the record had been closed and continued the oral argument date to May 22 it was not until May 7 that Plaintiffs filed the signed affidavit from the medical expert, which was dated March 21, 2018. At the May 22 hearing, Plaintiffs'

6

counsel acknowledged that the court closed the evidence as of March 12, 2018.[1]

La. C.C.P. art. 966(B)(2) provides that any "opposition to the motion [for summary judgment] and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion." "The purpose of requiring the opposition memorandum to be served on the mover 'at least' [fifteen] days before the hearing is to allow both the court and mover sufficient time to narrow the issues in dispute and prepare for argument at the hearing." *Mahoney v. East Carroll Parish Police Jury*, 47,494 (La. App. 2 Cir. 09/26/12), 105 So. 3d 144, 151, *writ denied,* 12-2684 (La. 02/08/13), 108 So. 3d 88.

In contrasting the implications of statutory requirements for deadlines in filing oppositions to motions for summary judgment with deadlines imposed by a trial court, we recognize the holding in *Dufour v. Schumacher Group of La., Inc.*, 18-20 (La. App. 3 Cir. 08/01/18), 252 So. 3d 1023, 1028, *writ denied,* 18-1456 (La. 11/20/18), 256 So. 3d 991. *Dufour* is distinguishable from the instant matter in that plaintiffs in the present case had the benefit of filing oppositions to the motions for summary judgment prior to an original January 2018 and subsequent March 2018 hearing dates, and prior to the trial court ruling on a motion to continue and exercising its great discretion in fixing filing deadlines. The *Dufour* court noted the trial court in that matter had not denied the right to file timely supplemental response affidavits. *Id*. at 1028. In the present matter, the trial court closed

---

[1] BY MR. SIMIEN: ". . . To begin with the argument is being made that the court closed the evidence as of March the 12th. And, yes, there was an order to that effect. . ."

7

the record.  In *Dufour*, there was no scheduling order in place and the court did not explicitly state that the record was closed.  *Id*. at 1029.  Moreover, in *Dufour*, the trial judge granted plaintiffs' continuance in order to conduct additional discovery.  *Id*. at 1027.  Here, the trial court explicitly closed the record and stated orally and in its written judgment that the record was closed and the limited continuance was granted solely for purposes of hearing oral arguments.

While the remedy of excluding the properly signed and notarized affidavit may be considered harsh, such a decision falls within the discretion of the trial court as the filing date fell outside the time period it had established.  La. C.C.P. art. 966(B)(2) requires parties to file oppositions to motions for summary judgment fifteen days before the scheduled hearing on the motion.  Here, Plaintiffs filed an opposition.  Unfortunately, it did not contain an affidavit which had been signed and notarized.  As Plaintiffs' counsel's trial conflict had resolved as of the last telephone conference, the only basis for the continuance was a request for more time to conduct discovery.  The trial court denied the requested continuance and set the hearing for March 27.

At the hearing on March 27, neither Plaintiffs nor their counsel were present. The trial court accepted any documents filed by that date and granted a limited continuance *only* to allow oral arguments.  This action by the trial court did not automatically reset the deadlines associated with the motion for summary judgment, as any such result would have been in direct contradiction to the trial court's expressed prior ruling to close the record.

The trial court must be able to control its calendar, and the decision to grant in whole or part a motion to continue is well within its discretion.  The

trial court has the autonomy to grant in whole or part motions for continuance filed with it and to allow hearing dates for oral arguments to be fixed in the future without automatically resetting the deadlines for filing oppositions. In light of the foregoing, we find that the trial court did not abuse its discretion in closing the record and thereafter rejecting any untimely filed oppositions after the deadline established for motions for summary judgment.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment. All costs of this appeal are assessed to Appellants.

**AFFIRMED.**

**WILLIAMS, C.J., dissents.**

I respectfully dissent. Unless extended by the court and agreed to by the parties, any opposition to the motion for summary judgment and all documents in support of the opposition shall be filed and served not less than 15 days prior to the hearing on the motion. La. C.C.P. art. 966(B)(2).

Article 966 was amended in 2016. The Official Revision Comments to the article, in pertinent part:

> (d) Subparagraphs (B)(1), (B)(2) and (B)(3) are new. They establish the time periods for filing or opposing motions for summary judgment. These provisions supersede Rule 9.9 of the District Court Rules but at the same time recognize the ability of the trial court and all of the parties to enter in to a case management or scheduling order or other order to establish deadlines different from those provided by this Article. *Nevertheless, these orders may not shorten the period of time allowed for a party to file or oppose a motion for summary judgment under this Article.*

(Emphasis added).

In this case, the deadline for filing the affidavit was "not less than fifteen days prior to the hearing on the motion." The plaintiff sought leave to file the properly signed affidavit exactly 15 days prior to the rescheduled hearing on the motion for summary judgment.

It is well settled that the trial court has great discretion in granting or denying a continuance. However, the Revision Comments to Article 966 clearly state that a trial court may not circumvent the established 15-day time period by imposing an order that serves to "shorten the period of time allowed for a party to file or oppose a motion for summary judgment."

Additionally, the purpose of requiring the opposition memorandum to be served on the mover not less than 15 days before the hearing is to allow both the court and mover sufficient time to narrow the issues in dispute and

1

prepare for argument at the hearing. *Mahoney v. East Carroll Parish Police Jury*, 47,494 (La. App. 2 Cir. 9/26/12), 105 So. 3d 144, *writ denied*, 2012-2684 (La. 2/8/13), 108 So. 3d 88. That purpose was served in this case, as the movers had notice of the existence of the affidavit of the expert witness, albeit unsigned. Further, there is no showing that the movers would be prejudiced if the deadline was extended to coincide with the rescheduled hearing date.

Consequently, in my view, the district court abused its discretion in closing the record for evidence, while continuing the hearing date for arguments on the motions. Thus, I believe the district court erred in excluding from evidence the properly signed affidavit timely filed by the plaintiffs 15 days prior to the rescheduled hearing date.