COCHRAN & Co. *v.* J. B. WALKER.—RAWLEY, Intervenor.

Article 3214 of the Civil Code, and the amendatory Acts of February 17th, 1841, and March 8th, 1841, refer only to advances made on goods or merchandise, and do not create a privilege on slaves.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.
*Clarke & Bayne*, for plaintiffs.   *Wolfe & Singleton*, for intervenor and appellant.

SPOFFORD, J.   We think the evidence establishes that, at least, the acceptance of the draft in favor of *Dorance & Sons* by the intervenor was posterior to the promise to pay over the proceeds of the slaves to the plaintiffs, in accordance with the order of the defendant.   There is some obscurity and doubt with regard to the other acceptance in favor of *Stephen Twelves.*

The plaintiffs, however, acquired an undoubted preference or privilege upon the slaves, by virtue of their attachment, from the date it was levied.   C. P., 264, 265, 722; *Emerson* v. *Fox*, 3 L., 183; C. C., 3151; *Tufts* v. *Carradine*, 3 An., 431.

We do not perceive that the intervenor acquired a privilege upon the slaves by his conditional acceptance of the *Twelves'* draft, or by his acceptance of the conditional order in favor of *Dorrance & Sons*, even if those acceptances were anterior to the promise he made in favor of the plaintiff.   By our law slaves are classed with immovables, and privileges are *stricti juris*.   The Article 3214 of the Civil Code, and the amendatory Acts of February 17, 1841, and March 8th, 1841, (session Acts, pages 21, 58) refer only to advances made on goods and merchandise, and do not create a privilege upon slaves.   Such privileges are regulated by another chapter of the Code.   A valid attachment of the slaves in the intervenor's hands, before he had sold them, released him from his obligation to pay the conditional acceptances.

The judgment is therefore affirmed, with costs.