No. 645

First Circuit

DEVANT v. PECOU
(ORANGE MOTOR CO., Intervener)

(June 9, 1930. Opinion and Decree.)

Griffin T. Hawkins, of Lake Charles, attorney for plaintiff, appellee.

T. Arthur Edwards, of Lake Charles, attorney for defendant, appellant.

MOUTON, J. Plaintiff, a resident of Tennessee, brought this suit against defendant of Orange, Tex., also a non-resident. His demand was for damages to his auto, caused, as he alleges, by a collision with defendant's car. He obtained a writ of attachment under which defendant's car was seized, and upon whom personal service of citation was made.

The defendant filed a motion to dissolve the attachment, claimed damages for the dissolution, and filed his answer to plaintiff's demand. The service of citation vested the court with jurisdiction. Pugh vs. Flannery, 151 La. 1063, 92 So. 699; also, the appearance of defendant for the dissolution of the writ, with a claim for damages, and his answer to the demand. There is, therefore, no merit in the contention of the Orange Motor Company, intervener in the case, that the court had no jurisdiction because of the failure to have the writ of attachment posted or affixed on the door of the court in which trial was had, or on a bulletin board near the entrance of the courtroom as provided

for in article 254, Code Prac., and Act No. 9, 1926. Besides, defendant has not appealed, is not making these defenses which were personal to him, and cannot be urged by intervener, who is limited to the assertion of its own rights. Cahn vs. Ford, 42 La. Ann. 965, 8 So. 477; Gilkeson Sloss Commission Co. vs. Bond, 44 La. Ann. 841, 11 So. 220.

The intervener, Orange Motor Company, claims a lien on the auto seized by plaintiff under a chattel mortgage executed in Texas by defendant in its favor.

The mortgage claimed by intervener was not filed for record and was not recorded in the parish of Calcasieu or in any other parish of this state when the attachment was levied. There was therefore no lien on the auto when it was seized. Act No. 198 of 1918; Wilson vs. Lowrie (Oil City Iron Works, Intervener), 156 La. 1062, 101 So. 549.

Intervener had its mortgage recorded after the seizure. This was too late to affect the plaintiff, as the privilege which resulted from the attachment related back to the seizure. Tufts vs. Carradine, 3 La. Ann. 430; Cochrane vs. Walker, 10 La. Ann. 431.

In Delop vs. Windsor (Kennedy & Co., intervener), 26 La. Ann. 185, a lien was claimed on a chattel mortgage on movables accorded in Mississippi, where the contract had been executed. At that time a chattel mortgage was unknown to our laws. The court held the lien was not enforceable here, where such mortgages were not recognized and said:

"This court is not bound by the comity of nations to enforce a contract, which, if made here, could not defeat the rights acquired by attachment under our own laws."

It is true that chattel mortgages are legal now in this state, but as hereinabove stated, give a lien, as to third parties, only from the date of registry. As the lien growing out of the attachment had accrued when the mortgage of the intervener was recorded, it could not, as between residents of this state, have affected the rights of plaintiff, attaching creditor. Such being the case we could not, under the doctrine of comity, grant to plaintiff, a resident of Texas, a superior right over the thing seized, which would not be allowable to residents of this state, and litigants in our courts.

It is shown that Texas will not, by notice of the rule of comity, recognize the lien resulting from a recorded mortgage, in favor of a resident of any other state, including Louisiana. C. J. vol. 11, sec. 426; 57 A. L. R. 696, note attached to the opinion therein rendered. This rule not being recognized in Texas, we do not see why it should be extended to a resident of that state against a litigant in our courts, although he be also a non-resident.

Besides, this matter of comity or courtesy rests, at most, on a moral duty, creates only an imperfect obligation, like that of beneficence, humanity, and charity. Story, Conflicting Laws, p. 41. It could not possibly create a legal tie, unless it is recognized in the state where its enforcement is sought. There being no such recognition here that we are aware of, the intervener has no lien on the property seized, the proceeds of which were properly assigned by preference to plaintiff, attaching creditor.