STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-738


LARRY TOLLIVER

VERSUS

BOB BROUSSARD, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2013-6250B
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and J. David Painter, Judges.

**AFFIRMED.**

Gracella Gail Simmons
Keogh, Cox & Wilson, Ltd.
P. O. Box 1151
Baton Rouge, LA 70821
Telephone: (225) 383-3796
COUNSEL FOR:
    Defendant/Appellee - Continental Casualty Company

James Huey Gibson
Allen & Gooch
P. O. Box 81129
Lafayette, LA 70598-1129
Telephone: (337) 291-1300
COUNSEL FOR:
    Defendants/Appellees - Bob Broussard and Bob Broussard, APLC

**D. Patrick Daniel, Jr.**
**The Daniel Law Firm**
**P. O. Drawer 51709**
**Lafayette, LA 70505-1709**
**Telephone:  (337) 232-7516**
**COUNSEL FOR:**
      **Intervenors/Appellants – Patrick Daniel and D. Patrick Daniel, LLC**

**Jennifer A. Rodriguez**
**615 Brown Avenue**
**Harvey, LA 70058**
**Telephone:  (504) 296-7660**
**COUNSEL FOR:**
      **Plaintiff/Appellant - Larry Tolliver**


**Larry Tolliver**
**In Proper Person**
**2404 Davis Court**
**Lake Charles, LA 70601**
      **Plaintiff/Appellant**

**THIBODEAUX, Chief Judge.**

The intervenors, Patrick Daniel and D. Patrick Daniel, LLC (Daniel), appeal the trial court's granting of the Motion for Summary Judgment filed by the defendants, Bob Broussard, Bob Broussard APLC, and Continental Casualty Company (collectively, "Broussard"), in this action for legal malpractice and tortious interference with contract. Finding no error on the part of the trial court, we affirm.

I.

## ISSUE

We must decide whether the trial court erred in granting summary judgment to Broussard and in dismissing all claims.

II.

## FACTS AND PROCEDURAL HISTORY

### *Underlying U-Haul Suit in Federal Court*

Daniel and Broussard are attorneys who at different times represented Larry Tolliver in Tolliver's personal injury suit against U-Haul Company of Texas.[1] The accident, involving the negligent installation of a towing kit, occurred in 2008. Daniel was the attorney who filed Tolliver's U-Haul suit in federal court in 2009. In 2010 Tolliver fired Daniel. Broussard enrolled as counsel of record in the U-Haul suit in September, 2010. In January, 2011, Daniel filed a petition for intervention, naming Tolliver and U-Haul as defendants, to recover his expenses and fees from any settlement or judgment proceeds obtained by Tolliver in the suit.

---

[1]"*Tolliver v. U-Haul Company of Texas*," Docket No. 2:09-CV-313, was filed in Lake Charles in the United States District Court for the Western District of Louisiana.

Tolliver answered the intervention and reconvened against Daniel, asserting damages for Daniel's failure to communicate, for Daniels' dismissal of Tolliver's cause of action for past lost wages without his consent, and for financing medical and living expenses with third parties at an onerous rate of interest without Tolliver's informed consent.

In August, 2011, during Broussard's representation of the U-Haul matter, the lawsuit settled for $75,000.00. The settlement was finalized in October, 2011. The amount was insufficient to cover Broussard's litigation expenses and was a fraction of the third party financing that Daniel had arranged during his representation of the matter. In November, 2011, Daniel amended his intervention to add Broussard as a defendant and to assert claims against him for legal malpractice and interference with contract.

### *Daniel's 2012 State Court Suit Against Broussard*

Daniel filed suit against Broussard and his malpractice insurer in state court in Lafayette in February, 2012.[2] Daniel's initial and supplemental petitions asserted that, in the federal U-Haul suit, Broussard had negligently represented Tolliver, had failed to retain experts timely, obtained an inadequate settlement, and interfered with Daniel's contract with Tolliver. Broussard filed special motions to strike Daniel's claims under La.Code Civ.P. art. 971. The trial judge found Article 971 inapplicable, but indicated that he would consider Broussard's arguments if brought by a motion for summary judgment.

Broussard filed a writ application with this court, and the trial court stayed discovery pending our ruling. In January 2013, in *Patrick Daniel v. Bob*

---

[2]"*Patrick Daniel v. Bob Broussard, Esquire, et al*," Docket No. 2012-0981E, was filed on February 16, 2012, in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana.

*Broussard, et al*, Writ No. 12-974, a five-judge panel of this court granted Broussard's writ application in part, finding that Daniel had no right of action against Broussard for negligent representation, which was essentially a malpractice claim that only Tolliver could raise.

Five months after this court's ruling that Daniel did not have a right of action against Broussard for malpractice, Daniel, as Tolliver's attorney again, filed a third superseding petition in Daniel's own suit, attempting to join Tolliver as an additional malpractice plaintiff. Because Daniel still had a pending claim in federal court against Tolliver for litigation expenses in the U-Haul suit, the trial court found that Daniel had a conflict of interest, disqualified Daniel as Tolliver's attorney, and found the joinder of Tolliver improper. The trial court struck the third superseding petition that attempted to add Tolliver as a plaintiff and instructed Tolliver to file a separate suit.

### Tolliver's 2013 State Court Suit against Broussard

On December 6, 2013, Tolliver, as a pro se plaintiff, filed a petition for damages against Broussard and his malpractice insurer in Lafayette Parish. The suit was improperly captioned "Patrick Daniel v. Bob Broussard, Esquire, et al;" and it was filed with Daniel's suit number, 2012-0981E, typed in the caption. The suit was assigned to Division B. The docket number was hand-corrected to read 2013-6250B, though it is not clear from the record whether or when the caption was corrected. This suit is the subject of the current appeal.

After service of the Tolliver petition, Broussard filed exceptions of peremption and res judicata, a motion for summary judgment, and a motion for Article 863 sanctions. The hearing on Broussard's motions was set for March 10,

3

2014. On February 27, Jennifer Rodriguez filed a motion to enroll as Tolliver's attorney[3] and to continue the hearing.[4] Broussard objected to the continuance. The trial judge ordered counsel and Tolliver to appear for a March 10 conference, at which time the judge granted the requested continuance to April 14, 2014, but made it clear, addressing Tolliver directly, that no more continuances would be granted for another enrolling attorney.

On April 7, Rodriguez fax-filed on Tolliver's behalf a twenty-eight-page "consolidated" pleading entitled, "Opposition To Defendant's Exceptions Of Peremption And Res Judicata, Motion For Sanctions, Motion For Summary Judgment And Motion For 967 Continuance, Compel, Sanctions And Disqualify Counsel." It was accompanied by a Motion For Leave and Order. The exhibits ostensibly attached to the opposition were not received by the trial court until April 16, 2014, which was two days after the hearing on April 14, 2014.

Broussard did not receive all of the exhibits until April 8. He objected to the opposition as untimely because it was not filed at least eight days before the hearing as required by the Louisiana Code of Civil Procedure, the Rules for Louisiana District Courts, and the interpreting jurisprudence. He asserted that the opposition documents should not be considered at the hearing on the motion for summary judgment.

On April 8, 2014, Daniel filed a petition for intervention in Tolliver's suit and adopted Tolliver's opposition to Broussard's motion for summary judgment. At the hearing on April 14, 2014, the trial judge briefly reviewed the

---

[3]On February 26, an associate attorney on Daniel's letterhead allegedly attempted to enroll as Tolliver's attorney.

[4]The February 27 motion to continue the March 10 hearing referenced a "February 28" hearing in the title and the body; and the attached order referenced a "January 15" hearing.

4

procedural status of the case and announced the exceptions and motions filed by the defendant and scheduled to be heard that day. He then stated:

> All of those were filed by the defendant. And the plaintiff did not file a memorandum in opposition on a timely basis. Thus, plaintiff forfeits the right for oral arguments.
>
> Plaintiff did file something that was requesting permission to file the opposition as well as a motion for sanctions and to disqualify defense counsel, but there was no explanation of what the good cause would be for that late filing. So again, I am denying that permission to file that. So that's where we are now.

After Tolliver's attorney, Ms. Rodriguez, received clarification on the court's ruling, Broussard's attorney introduced exhibits and argued the motion for summary judgment, which the trial court granted. Ms. Rodriguez did not proffer the opposition or the exhibits that the trial court had stricken from the hearing. Daniel spoke as intervenor, attempting to argue assertions from the opposition, including charges against Broussard's attorney, James Gibson. Mr. Gibson responded briefly, and the trial court announced that summary judgment was granted "regarding all claims filed."

Ms. Rodriguez filed a motion to withdraw her representation of Tolliver in open court at the end of the hearing. Tolliver did not appeal. Daniel alone, as intervenor, appeals the trial court's judgment granting Broussard's motion for summary judgment on peremption and res judicata.

III.

**STANDARD OF REVIEW**

When an appellate court reviews a district court judgment on a motion for summary judgment, it applies the de novo standard of review, "using the same

5

criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Gray v. American Nat. Property & Cas. Co.*, 07-1670, p. 6 (La. 2/26/08), 977 So.2d 839, 844 (quoting *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638). The motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). The de novo review of questions of law means that the judgment is rendered on the record without deference to the legal conclusions of the trial court. *See Wooley v. Lucksinger*, 09-571 (La. 4/1/11), 61 So.3d 507.

## IV.

## LAW AND DISCUSSION

In addition to reiterating Daniel's malpractice claims, Tolliver's suit alleged that Broussard solicited Tolliver's business, resulting in Tolliver's firing Daniel; and that Broussard interfered with Daniel's contract with Tolliver. Broussard's motion for summary judgment asserted that Tolliver's malpractice claim against Broussard was perempted under La.R.S. 9:5605[5] because it was not filed within one year of discovery of the alleged malpractice.[6] Broussard further asserted that Tolliver's malpractice claim was barred by *res judicata* because the parties had compromised and settled the malpractice claim, and because a

---

[5]The malpractice statute provides in pertinent part that any action against an attorney or firm arising from an engagement to provide legal services, "whether based upon tort, or breach of contract, or otherwise" must be brought within one year from the date that the alleged malpractice was "discovered or should have been discovered." La.R.S. 9:5605(A).

[6]Broussard provided the court with three viable discovery dates, the last of which was the settlement of the malpractice claim on February 8, 2012, a year and ten months before suit was filed on December 6, 2013. The document entitled "Mutual Consent and Release Agreement By Affidavit," was detailed, comprehensive, and it satisfied the codal articles on Compromise.

6

compromise has the efficacy of a judgment on the issues.[7] These assertions were well-supported by jurisprudence, and by records and rulings from the U-Haul suit, and affidavits and agreements of the parties, all of which were attached to the summary judgment motion and properly introduced at the hearing in the Lafayette Parish court.[8] Last, Broussard's motion for summary judgment refuted Tolliver's claims that Broussard had solicited Tolliver's business and interfered with Tolliver's attorney-client relationship with Daniel. Broussard introduced a third affidavit by Tolliver directly negating the claims of solicitation and interference that he alleged in his petition.[9]

However, we need not discuss or rule upon the parties' burdens of proof as to these issues because these issues are not before us. Tolliver did not appeal the trial court's judgment finding that the malpractice claims were preempted and barred by res judicata, and we have already found that Daniel, the intervenor, does not have a right to bring a malpractice action against Broussard. *See Patrick Daniel v. Bob Broussard, et al*, Writ No. 12-974. Because Tolliver

---

[7]"[C]ompromises have the legal efficacy of the thing adjudged." *Ortego v. State, Dept. of Transp. and Development*, 96-1322 (La. 2/25/97), 689 So.2d 1358, 1363 (citations omitted). A "valid compromise may form the basis of a plea of *res judicata*." *Rivett v. State Farm Fire and Cas. Co.*, 508 So.2d 1356, 1359 (La.1987). See La.R.S. 13:4231 on *Res Judicata*; and see La.Civ.Code arts. 3071-3080 on Compromise.

[8]Broussard introduced the federal court's August, 2011 memorandum discussing the attorney's inadvertent neglect and willfulness; Tolliver's November, 2011 affidavit averring that he read and discussed the memorandum; Broussard's own affidavit averring that Daniel talked to Tolliver about suing Broussard for malpractice in November 2011, and the February, 2012 release agreement.

[9]Tolliver's July, 2012 affidavit averred that Tolliver first approached Broussard who declined the representation in the U-Haul suit; that Tolliver then hired Daniel who filed the suit in 2009; that Tolliver fired Daniel for cause; that Tolliver approached Broussard again, but not until after he had fired Daniel; that Broussard enrolled in the U-Haul suit in September 2010; and that Broussard never solicited Tolliver to secure the representation. Tolliver's affidavit also contained considerable detail regarding the federal court's rulings on the evidence for trial which led to the settlement, Broussard's motion for reconsideration, the two-day settlement discussions, the settlement amount, Tolliver's reasons for settlement, and Tolliver's instructions to Broussard to settle the case.

failed to appeal the dismissal of his own action, Daniel's appeal can only bring up the portions of the judgment that were adverse to Daniel. He cannot appeal the portions of the judgment that were only adverse to Tolliver. *See Grimes v. Louisiana Medical Mut. Ins. Co.*, 10-39 (La. 5/28/10), 36 So.3d 215. If Daniel never had a right of action for malpractice, the judgment dismissing the malpractice claim cannot be adverse to him. Additionally, an intervenor is limited to the assertion of his own rights and cannot raise issues that are personal to another party. *See Devant v. Pecou*, 13 La.App. 594, 128 So. 700 (La.App. 1 Cir. 1930), and *Galloway v. Levitt*, 135 So.2d 798 (La. App. 2 Cir.1961).[10] Thus, the dismissal of the malpractice claim is final.

### *The Opposition to the Motion for Summary Judgment*

As indicated in the factual section above, the trial court found that the opposition filed by Tolliver's attorney, and adopted by Daniel as intervenor, was untimely. The trial court then declined to hear oral argument on the opposition and ultimately denied Tolliver's request for leave to file it. Thus, neither the opposition nor its attached exhibits were considered by the trial court in the summary judgment hearing. While Tolliver did not appeal the trial court's judgment, Daniel did file an appeal. Daniel asserts that the trial court erred in refusing to consider the opposition. We disagree.

La.Code Civ.P. art. 966(B)(1) provides that the affidavits and memorandum opposing a motion for summary judgment "shall be served pursuant to Article 1313 within the time limits provided in District Court Rule 9.9."

---

[10]Because the intervenor has a remedy in filing a separate action, the intervenor's rights are limited to the protection of his own interest; he cannot object to the mode of procedure or jurisdiction of the court; and he cannot retard the principal suit. *Suites at New Orleans, L.L.C. v. Lloyd's London*, 09-562 (La. App. 4 Cir. 5/27/09), 13 So.3d 241.

La.Code Civ.P. art. 1313 provides for service by mail, delivery, or electronic means. Under La.Dist.Ct.R. 9.9(c), "[a] party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing[;]" and, it "shall be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time."[11] Under La.Dist.Ct.R. 9.9(e), parties who fail to comply with 9.9(c) "may forfeit the privilege of oral argument."[12]

In computing any period of time specified in these rules, La.Dist.Ct.R. 1.5 governs the calculation. The first day that begins the period—the hearing date, Monday, April 14, 2014—is excluded from the computation under 1.5(a). Counting backward beginning with April 13, the eighth day was April 6, 2014, which was a Sunday. Under 1.5(c), April 6 is counted as the last day in the period, i.e., the opposition due date, "unless the last day is a legal holiday, in which case the period runs until the end of the next day that is not a legal holiday." As a Sunday, April 6, 2014, was a legal holiday; likewise April 5, 2014, was a Saturday and also a legal holiday. Thus, Sunday and Saturday, April 6 and April 5, are not

---

[11]In this case the trial court did not set a shorter time, and the court stated that the motion for leave to file the opposition late did not provide any good-cause reasons for allowing the late filing.

[12]Further, La.Dist.Ct.R. 9.10 provides that the memorandum in opposition to the motion for summary judgment "shall contain" (1) a list of material facts in dispute, and (2) a "reference to the document proving that each such fact is genuinely disputed, with the pertinent part designated." La.Dist.Ct.R. 9.10(c). Here, the opposition documents did not satisfy the second prong of Rule 9.10(c). The attached exhibits were in large part the very same exhibits used by Bob Broussard to support his motion for summary judgment. They were Broussard's affidavits, three of Tolliver's affidavits in support of Broussard's assertions, and a written agreement compromise/settlement made between Broussard and Tolliver, all supporting Broussard's position and *proving* his assertions. Tolliver did not attach a single affidavit that supported his, and Daniel's, opposition, or that *proved* their disputed facts. The opposition merely used Broussard's documents as a platform for making conclusory and unsupported allegations that every affidavit and agreement was coerced or bribed. Thus, even if the trial court had admitted the opposition documents, they would not have shown genuine issues of material fact for trial.

9

counted in the eight-day period; and we back up to the end of the next day that is *not* a legal holiday, which in this case was Friday, April 4, 2014.[13] The opposition was faxed to the trial court on April 7, except for the exhibits, and was not fully faxed to Broussard until April 8, 2014. Thus, the documents were clearly late.

*Buggage v. Volks Constructors*, 06-175 (La. 5/5/06), 928 So.2d 536 held that the trial court's decision not to consider late-filed opposition documents was not an abuse of discretion, given that the time limitation for serving such documents is mandatory. While use of the language *shall* in the above provisions implies a mandatory obligation to timely file, following *Buggage* courts have overwhelmingly found that the trial court's decision to strike untimely filed oppositions is discretionary. *Smith v. Rapides Healthcare System, L.L.C.*, 13-1172 (La.App. 3 Cir. 3/5/14), 134 So.3d 122.

A survey of the cases indicates that the trial court does not abuse its discretion in choosing *to follow* the mandatory eight-day limit; nor is there abuse in choosing *to allow* late-filed opposition materials if there is no prejudice to the mover. *Id.* (citing *Mahoney v. E. Carroll Parish Police Jury*, 47,494 (La.App. 2 Cir. 9/26/12), 105 So.3d 144, *writ denied*, 12-2684 (La. 2/8/13), 108 So.3d 88). Here, because the opposition documents were late, the trial court did not abuse its discretion in striking the documents. We find no merit in Daniels' arguments on this issue.

***Daniel's Petition of Intervention***

Daniel's petition of intervention, filed on April 8 prior to the hearing on April 14, reiterates the previously filed petitions and interventions asserting

---

[13]This computation comports with La.Dist.Ct.R. 1.5(a), (c), (c)(i), and Comment (c) to Rule 1.5.

malpractice against Broussard. In fact, almost all of Daniel's allegations pertain to Broussard's representation of Tolliver and Broussard's interactions and transactions with Tolliver before, during, and after settlement. He also includes naked assertions of fraud and breach of fiduciary duty. These claims all arise "from an engagement to provide legal services," and "whether based upon tort, or breach of contract, or otherwise," they belong to Tolliver alone under La.R.S. 9:5605. *See Patrick Daniel v. Bob Broussard, et al*, Writ No. 12-974.

Similarly, Broussard did not owe a fiduciary duty to Daniel. "The defining characteristic of a fiduciary relationship . . . is the special relationship of confidence or trust imposed by one in another who undertakes to act primarily for the benefit of the principal in a particular endeavor." *Scheffler v. Adams and Reese, LLP*, 06-1774, p. 7 (La. 2/22/07), 950 So.2d 641, 648. In *Scheffler*, the court found no fiduciary relationship between two attorneys hired separately by a corporation that would require one to protect the other's interest in earning attorney fees. The pleadings failed to state a cause of action because no facts were pled to establish a legal relationship giving rise to a fiduciary duty. There was no allegation of a contract between the attorneys or a co-ownership interest in the endeavor, such as a partnership or joint venture agreement. And there was no allegation regarding the existence of a mandate or agency relationship.

The *Scheffler* court went further to find that public policy dictates against recognizing a fiduciary duty among co-counsel to protect one another's interest in prospective fees. This is because of the potential conflict with each attorney's undivided duty of loyalty to his client, which is paramount. The duty is to pursue the case based upon the *client's* best interest, even if it means foregoing a potential contingency fee. *Scheffler*, 950 So.2d 649 (citing *Mazon v. Krafchick*,

11

158 Wash.2d 440, 144 P.3d 1168 (2006), which adopted a bright line rule that no duties exist between co-counsel that would allow recovery for lost or reduced prospective fees). Thus, the *Scheffler* court found that allowing an amendment to the petition would not remove the legal impediments to the attorney's pursuit of an action based on allegations of breach of fiduciary duty.

This is particularly true in this case involving two attorneys who were not co-counsel. Rather, this case involves intervention by Daniel, an attorney who, by Tolliver's own affidavit, caused him damages during Daniel's prior representation of the U-Haul matter, causing Tolliver to fire Daniel for cause. Broussard, as Tolliver's new attorney, was put in the position of defending Tolliver's interests against Daniel's intervention and filing a reconventional demand on behalf of Tolliver against Daniel. Accordingly, pursuant to La.Code Civ.P. art. 927(B),[14] we raise on our own motion the exception of no cause of action because the naked allegations in Daniel's petition did not assert facts to support a cause of action for breach of fiduciary duty. Further, under *Scheffler*, the petition is not subject to amendment on this cause of action because the legal impediments cannot be cured. We also raise on our own motion the exception of no right of action because, in this case, while Tolliver might have pled a cause of action for breach of fiduciary duty against Broussard, just as Tolliver asserted malpractice, the same legal impediments in *Scheffler* show that Daniel cannot bring a breach of fiduciary duty action against Broussard. Simply put, Daniel is not the proper party to assert the action for breach of fiduciary duty.

---

[14]Under La.Code Civ.P. art. 927(B), the court cannot supply the exception of prescription because it must be specially pleaded. However, "[t]he nonjoinder of a party, peremption, res judicata, the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, or discharge in bankruptcy, may be noticed by either the trial or appellate court on its own motion."

Daniel's petition alleges solicitation and intentional interference with Daniel's contract with Tolliver. As to the intentional interference with contract claim, we raise on our own motion the peremptory exception of no cause of action.

In *9 to 5 Fashions, Inc. v. Spurney*, 538 So.2d 228, 234 (La.1989), the Louisiana Supreme Court announced an end to Louisiana's absolute bar to an action based on tortious interference with a contract. However, the court was very specific in recognizing "only a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person." *Id*. at 234. The court then set forth five elements:

> (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the officer; (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.

*Id*.

Daniel's petition has not pled, and cannot amend to plead, any facts to support any of the above elements because Broussard is not a corporate official whose employer has a contract with Daniel. Thus, Daniel's intervention does not state a cause of action under the *9 to 5 Fashions, Inc.* criteria.

Accordingly, we find no error by the trial court in dismissing all claims filed by Tolliver and Daniel.

## V.

## **CONCLUSION**

Based upon the foregoing, we affirm the trial court's granting of the motion for summary judgment. Pursuant to La.Code Civ.P. art. 927(B), we raise and grant on our own motions the peremptory exceptions of no cause of action and the peremptory exception of no right of action. All costs of this appeal are assessed to Patrick Daniel and D. Patrick Daniel, LLC.

**AFFIRMED.**