GARRETT, J.
liThe plaintiffs, Francis and Anita Grayson, appeal from a trial court ruling striking their opposition to a motion for summary judgment, granting summary *276 judgment in favor of Dr. Michael Hand, and dismissing the plaintiffs’ claims against him. For the following reasons, we reverse the trial court judgment and remand for further proceedings.
FACTS
Francis Grayson suffers from a number of health problems, • including diabetes. He was on kidney dialysis and was a patient of Dr. Hand and Dr, Nkeeham Anu-mele, who were nephrologists at Northeast Louisiana Kidney Specialists (“NELKS”). Grayson’s treatments were administered through a catheter in his neck. He was admitted to St. Francis Medical Center (“St. Francis”) on December 7, 2011. Dr. Carlton R. .Greer, a neurosurgeon, performed surgery to remove an epidural abscess in Grayson’s neck, allegedly caused by an infection in the catheter. After the surgery, Grayson was a quadriplegic.
On December 4, 2012, the plaintiffs requested the formation of a medical review panel. The main contention in the plaintiffs’ complaint was that Mr. Grayson had been complaining of pain for several days and that Dr. Hand’s failure to recognize and treat the infection earlier resulted.in Mr. Grayson becoming a quadriplegic. On October 20, 2014, the panel rendered an opinion finding no breach of the applicable standard of care by several healthcare providers, including St. Francis, NELKS, Dr. Hand, Dr. Anumele, Fresenius Medical Care Northeast Louisiana,. Fresenius Medical Care Monroe and Kidney Center, Fre-senius Medical Care North Monroe, |2and Dr. Greer. On February 12, 2015, the plaintiffs filed this medical malpractice lawsuit against the healthcare providers.
Less than two months after the suit was filed, NELKS, Dr. Anumele, and Dr. Hand filed a motion for summary judgment on March 30, 2015, which relied upon the panel opinion. They argued that more than two years had passed since the panel proceedings were initiated and the plaintiffs had not retained a medical expert who would testify that NELKS, Dr. Anumele, and Dr. Hand breached the standard of care in this matter.
Similar motions for summary judgment were tiled by Dr. Greer on May 7, 2015, and by St. Francis on June 17, 2015. After several continuances, the motions for summary judgment were set for hearing on August 17, 2015.[1]
On Friday, August 7, 2015, the plaintiffs served the defendants by email and fax with oppositions .to the motions for summary judgment; along with the affidavit of a medical expert, Dr. David Martin, a ne-phrologist, who would testify that Dr. Hand breached the applicable standard of care in this case.
On August 10, 2015, the plaintiffs fax-tiled with the clerk of the district court its opposition to the motions for summary judgment filed by Dr. Anumele, NELKS, St. Francis, and Dr. Greer. The opposition was physically .tiled with the clerk of court on August 11, 2015. The opposition lato the motion filed by Dr. Hand was fax-tiled on August 10, 2015, and physically tiled on August 14, 2015. Dr. Martin’s affidavit, along with the applicable medical records, were attached as exhibits. Also on August 10, 2015, the plaintiffs fax-tiled a supplement to their opposition to Dr. Hand’s motion for summary judgment, which included the affidavit of Dr. Shawn *277 Clark, a neurosurgeon, who would also testify that Dr/Hand breached the-applicable standard of care. The plaintiffs asserted that the supplement to the opposition and Dr. Clark’s affidavit were served on Dr. Hand on August 8, 2015. The plaintiffs maintained that Dr. Clark’s opinion was not necessary to defeat the motions filed by Dr. Hand. This document was physically filed on August 14, 2015.
On August 18, 2015, NELKS, Dr. Anu-mele, and Dr. Hand filed a motion to strike the plaintiffs’ opposition to their motion for summary judgment on the basis that it was untimely. They claimed the hearing on the motions for summary judgment was set for Monday, August 17, 2015, and the plaintiffs did not file their opposition until Monday, August 10, 2015, less than eight days prior to the hearing, as required by La. C.C.P. art; 966(B), and La. Dist. Ct. R. 9.9.[2] They requested that the plaintiffs’ opposition to the motion for summary judgment be stricken as untimely and the plaintiffs’ argument on the motion for summary judgment be disallowed.
l4On August 17, 2015, the trial court held a hearing and granted summary judgments in favor of St. Francis and - Dr. Greer, dismissing the plaintiffs’ claims against them with prejudice.[3]
At the argument on the other motions for summary judgment and the motion to strike, the trial court stated that it had not read the plaintiffs’ opposition to the motion to strike. The court asked plaintiffs’ counsel, “If the opposition is — if the Motion to Strike is granted, are you dead in the water on this thing?” This question was repeated several more times. The court decided to take the matter under advisement and issue a ruling in open court on August 21, 2015. The parties were not required to be present on that date. A minute entry for August-21 indicates that the court granted the plaintiffs ’ motion to strike and the plaintiffs’ motion for summary judgment. Thereafter, on September '4, 2015, the court issued the following order:
This matter was taken up in Open Court on August 17, 2015 and the Court took some of the issues under advisement. The Court orally ruled in Open Court on 8-21-15 that Plaintiffs’ motions were granted. The Court misspoke! This written order is the correct ruling:
The Motion to Strike filed by the Defendants on August 13, 2015 is granted. The Motion for Summary Judgment filed by the Defendants on March 30, 2015 is granted. All claims, of the Plaintiffs] against all Defendants are denied.[4]
On September 21, 2015, the trial court signed a judgment granting the motion to strike filed by Dr. Anumele, Dr. Hand, and NELKS and the motion for summary judgment in their favor, • dismissing the plaintiffs’ | sdaims against them. - The plaintiffs appealed from that ruling,' but only regarding Dr. Hand.
MOTION TO STRIKE AND SUMMARY judgment
On appeal, the plaintiffs argue that the trial court erred in granting Dr. Hand’s *278 motion to strike, in granting summary judgment in his favor, and in dismissing their claims against him. These arguments have merit.
We note at the outset that it is undisputed that the plaintiffs’ opposition to the motion for summary judgment was emailed and faxed to counsel for Dr. Hand on Friday, August 7, 2015. Dr. Hand’s counsel acknowledges that he received the opposition on that date.
Legal Principles
At the time the motion for summary judgment, the opposition, and the motion to strike the opposition were filed, La. C.C.P. art. 966 provided in pertinent part:
B. (1) The motion for summary judgment, memorandum in support thereof, and supporting affidavits shall be served within the time limits provided in District Court Rule 9.9. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 within the time limits provided in District Court Rule 9.9.[5] [Emphasis supplied.]
At the time the motions were filed in this matter, La. Dist. Ct. R. 9.9 specified in pertinent part:
(b)When a party files an exception or motion, that party shall concurrently furnish the trial judge and serve on all other | ¿parties a supporting memorandum that cites both the relevant facts and applicable law. The memorandum shall be served on all other parties so that it is received by the other parties at least fifteen calendar days before the hearing, unless the court sets a shorter time.
(c) A party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing. The opposition memorandum shall be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.
(d) The mover or exceptor may furnish the trial judge a reply memorandum, but only if the reply memorandum is furnished to the trial judge and served on all other parties so that it is received before 4:00 p.m. on a day that allows one full working day before the hearing. For example, if the hearing is set for Friday, the reply memorandum shall be received no later than 4:00 p.m. the preceding Wednesday. If the hearing is set for Monday, the reply memorandum shall be received no later than 4:00 p.m. the preceding Thursday.
(e) Parties who fail to comply with paragraphs (b) and (c) of this Rule may forfeit the privilege of oral argument. If a party fails to timely serve a memorandum, thus necessitating a continuance to give the opposing side a fair chance to respond, the court may order the late-filing party to pay the opposing side’s costs incurred on account of the untimeliness.
(f) Any party may, but need not, file a copy of the memorandum with the clerk of court. See Rule 9.4 and Appendix 9.4 to determine whether a particular judi *279 cial district requires that memoranda be ■filed with the clerk of court or sent directly to the presiding judge.[6] [Emphasis supplied.]
The manner of making service is governed by La.- C.C.P. art. 1313, which provides in relevant part:
A. Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under an express provision of law may be served as provided in this Article, may be served either by the sheriff or by:
Iy(4) Transmitting a copy by electronic means to counsel of record, or if there is no counsel of record, to the adverse party, at the number or addresses expressly designated in a pleading or other writing for receipt of electronic service. Service by electronic means is complete upon transmission but is not effective and shall not be certified if the serving party learns the transmission did not reach the party to be served.
B. When service is made by mail, delivery, or electronic means, the party or counsel making the service shall file in the record a certificate of the manner in which service was made[.]
The time limitation established by La. C.C.P. art. 966 for the serving of affidavits in opposition to a motion for summary judgment is mandatory. See Buggage v. Volks Constructors, 2006-0175 (La.5/5/06), 928 So.2d 536; Guillory v. Chapman, 2010-1370 (La.9/24/10), 44 So.3d 272. The purpose of requiring that the opposition memorandum be served on the mover at least eight days before the hearing is to allow both the court and parties sufficient time to narrow the issues in dispute and prepare for argument at the hearing. Finch v. HRI Lodging, Inc., 49,-497 (La.App.2d Cir.11/19/14), 152 So.3d 1039; Mahoney v. East Carroll Par. Police Jury, 47,494 (La.App.2d Cir.9/26/12), 105 So.3d 144, writ denied, 2012-2684 (La.2/8/13), 108 So.3d 88; Blackwell v. Waste Mgmt. of La., LLC, 2014-560 (La. App. 3d Cir.11/5/14), 150 So.3d 664.
Trial courts have discretion, absent prejudice to the moving party, to consider affidavits served after the time period prescribed by La. C.C.P. art. 966. Hubbard v. North Monroe Med. Ctr., 42,744 (La.App.2d Cir.12/12/07), 973 So.2d 847, writ denied, 2008-0101 (La.3/7/08), 977 So.2d 907; Jones v. State ex rel. Dep’t of Soc. Servs., 42,034 (La.App.2d Cir.4/25/07), 956 So.2d 103, writ denied, 2007-1113 (La.9/14/07), 963 So.2d 1000; Debrun v. Tumbleweeds Gymnastics, Inc., 39,499 (La.App.2d Cir.4/6/05), 900 So.2d 253.
 A trial court’s exclusion of an opposition to a motion for summary judgment will be reviewed by the appellate court for an abuse of discretion. Finch v. HRI Lodging, Inc., supra.
Discussion
Dr. Hand contends that a jurisprudential rule has been established requiring that oppositions to motions for summary judgment be filed with the clerk of court at least eight calendar days before the hearing on the motion for summary judgment. ■ He cites numerous cases which he contends support his.argument. We find the cases cited by Dr. Hand to be distinguishable from the facts in this matter. None deal with the situation presented by this case.
In Buggage v. Volks Constructors, supra, the supreme court found that the trial court acted properly in excluding an opposition to a motion for summary judgment *280 filed a few minutes before the scheduled hearing on. the motion. In its analysis, the supreme court. used the terms “served ” and “filed ” interchangeably. The court in Buggage stated, “The time limitation established by La. C.C.P. art. 966(B) for the serving of affidavits in opposition to a motion for summary judgment is mandatory; affidavits not timely filed can' be ruled inadmissible and properly excluded by the trial court.” The supreme court in Buggage relied upon American Bank & Trust Co. v. Int’l Dev. Corp., 506 So.2d 1234, (La.App. 1st Cir.1987), in which |9several defendants filed counter affidavits to a motion for summary judgment after the trial court ruled on the motion.
In Guillory v. Chapman, supra, the hearing on the defendant’s motion for summary judgment was set for March 9, 2009. Under the facts óf that case, the deadline for filing an opposition was March 2, 2009. On that date, the .plaintiffs filed and hand delivered their opposition to the motion for summary judgment to opposing counsel. The affidavit of their expert, although signed, was not notarized. On March 3, the notarized affidavit was filed and faxed to opposing counsel. According to the plaintiffs, a snow storm in the area where the expert lived prevented them from obtaining the notarized affidavit. At the hearing, opposing counsel requested that the affidavit be stricken on the ground-that it was not timely filed. ■ The trial court granted the motion to strike, but the appellate court reversed, finding that the trial court abused its discretion in failing to allow the use of the affidavit. The supreme court reinstated the trial court judgment, noting that the trial court followed the mandatory language of La. C.C.P. art. 966 regarding service of an opposition to a motion for summary judgment on opposing counsel, and therefore did not abuse its discretion in refusing to allow the affidavit to be used. The supreme court also noted that the case was six years old and the plaintiffs were aware of their expert for years.
In Newsome v. Homer Mem’l Med. Ctr., 2010-0564 (La.4/9/10), 32 So.3d 800, the alleged medical malpractice occurred- in 2004. The plaintiff filed a request for a medical review panel in 2005, one year after the alleged malpractice. The plaintiff missed five deadlines in connection with that | ^proceeding, which caused the life of the panel to be extended three times. The panel rendered a decision on February 11, 2009, in favor of the defendants. The plaintiff filed suit in June 2009, but delayed service until September. The plaintiff failed to respond to a discovery request as to whether she had obtained an expert witness.. In December 2009, the defendants filed a motion for summary judgment. After a continuance requested by the plaintiff, the hearing was set for February 11, 2010. On February 2, 2010, seven days before the hearing, the plaintiff filed , a motion for a continuance or permission to file affidavits late. The trial court set :the hearing on the plaintiffs motion on the same date as the hearing on the defendants’ motion for summary judgment. The plaintiff sought to file her affidavit on the day of the hearing. The supreme court found that the trial court abused its discretion in granting the continuance to allow the late filing of the expert affidavit where the plaintiff had five years to secure an expert, but obtained an affidavit only the day before the hearing on the motion for‘summary judgment.
In Woodall v. Weaver, 43,050 (La.App.2d Cir.2/13/08), 975 So.2d 750, this court found, that an opposition to a motion for summary judgment filed five days and served four days before a hearing on a motion for summary judgment was untimely. We affirmed the trial court’s refusal to consider the late affidavit.
*281 In Tolliver v. Broussard, 2014-738 (La.App. 3d Cir.12/10/14), 155 So.3d 137, writ denied, 2015-0212 (La.4/17/15), 168. So.3d 401, the plaintiff filed a legal malpractice claim against the defendant. The | ^defendant filed a motion for summary judgment, which was ultimately set for hearing on April 14, 2014. On April 7, 2014, the plaintiff filed a “consolidated pleading,” including an opposition to the motion for summary judgment. Exhibits were attached. The defendant did not receive the exhibits until April 8, and the trial court received them two days .after the hearing. The trial court refused to consider the late opposition and the appellate court affirmed that decision.
These cases are distinguishable from the facts presented here. The jurisprudence has not clearly addressed the facts presented by this case, where the opposition to a motion for summary judgment, and the accompanying affidavits, were served timely, but were not filed until after the eight-day deadline of La. C.C.P. art. 966 and La. Dist. Ct. Rule 9.9. The jurisprudence cited by Dr. Hand involved , cases where the opposition to the motion for summary judgment and accompanying affidavits were served and filed after the eight-day time limit or the affidavit, although timely served, was defective. In many cases, these documents were presented on the day of the hearing on the motion for summary judgment and the lawsuits had been pending for many years.
The’alleged medical malpractice in this matter occurred in late 2011. The'medical review panel was convened in 2012, and its •opinion was rendered in 2014. This suit was filed on February 12, 2015, and the motion for summary judgment was filed by Dr. Hand on March 30, 2015, The motion was continued once at the request of the plaintiffs and once at .the request of Dr. Hand. The hearing was ultimately set for August 17, 2015. | iaThe' opposition and affidavit of Dr. Martin were timely served on all counsel on- August 7, 2015, the deadline for service eight days prior to the hearing on the motion for summary judgment. Counsel, for Dr. Hand acknowledges that he received the documents on August 7. There has been no allegation that Dr. Martin’s affidavit was defective.
As noted above, La. C.C.P. art 966 was amended by La. Acts 2015, No. 422. The article now provides in pertinent part:
B. Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:
(1 j A motion for summary judgment and all documents in support of the motion shall be filed and served on all parties in accordance with Article 1313 not less than sixty-five days prior to the trial.
(2) Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance. with Article 1313 not less than fifteen days prior to the hearing on the motion.
(3) Any reply memorandum shall be filed and served in accordance with Article 1313 not less than five days prior to the hearing on the motion. No additional documents may be filed with the reply memorandum. ...
. (4) If the deadline for filing and serving a motion, an opposition, or a reply memorandum falls on a legal holiday, the motion, opposition, or reply is timely if it is filed and served no later than the next day that is not a legal holiday. . [Emphasis supplied.]
Comment (d) to the 2015 Act specifies that:
Subparagraphs (B)(1), (B)(2) and (B)(3) are new. They .establish the time periods for filing or opposing motions for *282 summary judgment. These provisions supersede Rule 9.9 of the District Court Rules but at the same time recognize the ability of the trial court and all- of the parties to enter in to a case management or scheduling order or other order to establish deadlines different from those provided by this Article. | ^Nevertheless, these orders may not shorten the period of time allowed for a party to file or oppose a motion • for summary judgment under this Article. The Article makes clear that all motions, memoranda, and supporting documents shall be served on all parties and filed with the clerk of court. This Article continues the • rule that no new documents may be filed with a reply memorandum. Unless provided otherwise by an order agreed upon by all of the parties and the court, the motion, any opposition, and any reply shall be served by the methods provided for in Article 1313 (e.g., mailing, delivering a copy, or by electronic means).
Comment (e) states:
(e) Subparagraph (B)(4) is new. This Subparagraph follows Article 5059 and its interpretation in Becnel v. Northrop Grumman Ship Sys., Inc., 18 So.3d 1269 (La.2009). It establishes the rule that, if the date for filing the motion, opposition, or reply memorandum falls on a legal holiday, the party has until the next day that is not a legal holiday to file the pleading and supporting documents. This is significant because the trial court has vast discretion whether to consider late-filed affidavits or documents in support of an opposition. See, e.g., Buggage v. Volks Constructors, [supra.]
The preamble to the Act provides that one of its purposes was to “provide for the filing and consideration of certain documents.” The comments to the article specify that the provisions regarding service and filing are new and supersede La. Dist. Ct. R. 9.9. The legislature apparently determined that placing the word “filed” into the article was necessary and constituted a change in the law.
The amendments to La. C.C.P. art. 966 have also expanded the time limit for filing an opposition to a motion for summary judgment to 15 days prior to the hearing. The revision further provides that, if the date for filing a motion, opposition, or reply memo falls on á legal holiday, the party has until the next day that is not a legal holiday to make the filing. Although not noted in the comments, this appears to change the prior practice in |14which La. Dist. Ct. R. 1.5 was used to compute time periods rather than La. C.C.P. art. 5059. This often required parties to serve oppositions more than eight days prior to a hearing on a motion for summary judgment. See Tolliver v. Broussard, supra.
Although the changes to La. C.C.P. art. 966 now require service and filing of an opposition fifteen days prior to the hearing, La. Acts 2015, No. 422 states that its provisions shall not apply to any motion for summary judgment pending adjudication or on appeal on the effective date of the Act, January 1, 2016. This matter was on appeal on that date. Therefore, the prior version of La. C.C.P. art. 966 applies here.
Dr. Hand also contends that the local rules of the Fourth Judicial District Court require that all memoranda be filed with the clerk of court. He cites La. Dist. Ct. R. 9.9(f), which provided that a party may, but need not, file a copy of the memorandum with the clerk of court, but states that La. Dist. Ct. R. 9.4 and the appendix to that rule should be consulted to determine whether a particular judicial district requires that memoranda be filed with the clerk of court or sent directly to the presiding judge. The appendix specifies that *283 “all initial pleadings must be presented to the clerk of court for filing and random allotment to a Section.” Contrary to Dr. Hand’s argument, the opposition to a motion for summary judgment is not an initial pleading and this provision clearly does not require that memoranda be filed with the clerk of court.
In the present case, the plaintiffs properly and timely served the opposition to the motion for summary judgment, pursuant to La. C.C.P. art. 11S1313 and within the time limit of La. C.C.P. art. 966 and La. Dist. Ct. Rule 9.9. By the clear wording of the article in effect at the relevant time period in this case, only service of an opposition to a motion for summary judgment was required at least eight days pri- or to the scheduled hearing. Piling was not a statutory requirement. The cases cited by Dr. Hand, which use the words “served” and “filed” interchangeably, are factually distinguishable from this case. The plaintiffs complied with the statutory requirements and the trial court erred in rejecting the plaintiffs’ opposition to Dr. Hand’s motion for summary judgment. Also, the trial court erred in granting summary judgment in favor of Dr. Hand and dismissing the plaintiffs’ claims against him, because that ruling was based upon the failure to recognize the plaintiffs’ affidavit from an expert who would testify that Dr. Hand breached the applicable standard of care. The trial court rulings regarding Dr. Hand are reversed, and the matter is remanded to the trial court for further proceedings.
CONCLUSION
For the reasons set forth above, the trial court rulings granting Dr. Hand’s motion to strike the plaintiffs’ opposition tó his motion for summary judgment, granting summary judgment in favor of Dr. Hand, and dismissing all of the plaintiffs’ claims against him are reversed. The matter is remanded to the trial court for further proceedings. Costs in this court are assessed to Dr. Hand.
REVERSED AND REMANDED.

. On June 1, 201.5, the plaintiffs fax-filed a “Motion for Continuance and Opposition to Motions for Summary Judgment Filed on Behalf of Defendants Dr. Anumele, Dr. Hand and Northeast Louisiana Kidney Specialists.”
This pleading basically requested a continuance and did not discuss an opposition, to the ' motions for summary judgment. It also contained extraneous matter obviously not connected with this case. '•

. Essentially, they argued that, because the eight-day limit for serving an opposition to a motion for summary judgment fell on a weekend, the plaintiffs were required to file the opposition by August 7, 2015, in compliance with La. Dist. Ct. R. 1.5.

. The affidavits by the plaintiffs’ expert, did not state that St. Francis or Dr. Greer breached the applicable standard of care. The plaintiffs have not appealed from this ruling.

. The court also made a minute entry in open court on September 4, 2015, clarifying its ruling.

. We note that La. C.C.P. art. 966 was amended by La. Acts. 2015, No. 422. This amendment will be discussed below.

. La. Dist. Ct. R. 9.9 was also amended, effective January 1, 2016.